Jared Simmons (Bar No. 018624)
jared@sglawaz.com
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
Telephone: (480) 998-1500
Facsimile: (480) 998-6074

Jeffrey Messing (Bar No. 009768)
messing@bsmplc.com
BALL, SANTIN & MCLERAN, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
Telephone: (602) 840-1400
Facsimile: (602) 840-4411
*Attorneys for Defendant Arizona Rangers*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>Defendant. | Case No. CV-19-02235-PHX-DWL<br><br>**AMENDED ANSWER TO COMPLAINT AND THIRD PARTY COMPLAINT**<br><br>**(Jury Trial Demanded)** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>Third Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, a single man,<br><br>Third Party Defendant. | |

For its Amended Answer to the Complaint in the above-captioned matter, Defendant Arizona Rangers, admits, denies and alleges as follows:

**Parties, Jurisdiction And Venue**

1.  Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Answering paragraph 3 of the Complaint, Defendant alleges that the "East Valley Company" is an unincorporated branch of the Arizona Rangers.

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 4 of the Complaint and, therefore, denies the same.

5. Answering paragraph 5 of the Complaint, Defendant admits that venue is proper in this Court, but denies that the events alleged in the Complaint occurred as alleged.

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Answering paragraphs 10 and 11 of the Complaint, Defendant alleges that it received a total of six (6) grants from the American Endowment Foundation and/or the Veritas Endowment Fund totaling $175,000, during the period April 31, 2017 through October 13, 2017. Copies of five grant letters and checks are attached as Exhibits 1-5 to this Answer. Of the five grant letters, only one, dated June 5, 2017 in the amount of $40,000 (Exhibit 2, hereto) references Plaintiff Wine Education Council in any way (by incorporating a letter dated May 15, 2017 purportedly written on behalf of the Arizona Rangers which Defendant is informed and believes was actually drafted by Grant Winthrop). Further, only a small portion of the grants even purported to restrict the Arizona Rangers' use of the funds in any way. Defendant Arizona Rangers further alleges that some or all of the funds actually spent were in fact spent by and/or at the direction of Grant G. Winthrop who, Defendant is informed and believes, was actually the principal directing and funding the grants. Specifically, at least five of the grants were made by either the Veritas Endowment Fund, a fund of the American Endowment Foundation, or by the American Endowment Foundation

itself. According to the American Endowment Foundation's website it is an independent donor advised fund. Defendant is informed and believes Mr. Winthrop is the donor who funded and controls the Veritas Endowment Fund which made at least four of the grants, and, further, that Mr. Winthrop is also the anonymous donor behind the grant from the American Endowment Fund. Defendant is informed and believes Mr. Winthrop was an associate member of the Arizona Rangers who not only made the grants, but also controlled how some or all of the funds were used. Defendant denies the remaining allegations contains in paragraphs 10 and 11 of the Complaint.

11. Defendant's response to paragraph 11 of the Complaint is contained in numbered paragraph 10 of this Answer.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits a large portion of the $175,000 provided was used in accordance with directions contained in the grant letters. Defendant denies the remaining allegations contained in paragraph 13 of the Complaint and incorporates the allegations contained in its answer to paragraphs 10 and 11 above.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint and incorporates the allegations contained in its answer to paragraphs 10 and 11 above.

15. Defendant admits that the letter referenced in paragraph 15 of the Complaint, which is contained in Exhibit 2 to this Answer, contains the quoted language, but alleges it also specifies that large portions of the funds are to be added to "Troop discretionary funds." Defendant denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendant admits that certain of the grant letters contained some limiting language, but allege that they also contained broad language of discretion. Defendant denies the remaining allegations contained in paragraph 16 of Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Defendant admits Dan Fogleton was dismissed from the Fort Worth Police Department 30 years ago. Defendant alleges he

was and is an extremely qualified training director. Equally important, no one person is responsible for training. There were and are other training directors for different aspects such as training sergeants at every company, defensive tactics, firearms, etc., and the training programs are, in fact, still in operation. Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint Defendant admits that on or about November 23, 2017 Rick Ellis, who at that time was Defendant's Deputy State Commander, not the Chief Operating Officer, spoke to Grant Winthrop. Defendant alleges that Mr. Ellis explained that no grants to the Arizona Rangers should be made without obtaining the board's approval and that Mr. Winthrop and Mr. Ramirez had been acting without the board of directors' authority in obtaining and using grant monies. He further explained that no further monies were to be sought or accepted without the board's approval and oversight. Further, Mr. Ellis told Mr. Winthrop that his personal use of funds supposedly given as a charitable donation to the Arizona Rangers was inappropriate and unacceptable. Mr. Ellis also explained that Mr. Winthrop's conduct in obtaining and using a credit card in the Arizona Rangers' name without the Board's knowledge, authorization, approval or oversight was also unacceptable. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, defendant admits that Mr. Barrett confirmed to Mr. Winthrop that Mr. Ellis spoke on behalf of the Arizona Rangers' Board of Directors, and that no further funds should be sought, accepted, or spent without the Board's express approval and oversight. Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, Defendant admits that the Arizona Rangers continues to refuse to allow anyone to solicit, accept, or spend funds on behalf of the Arizona Rangers without Board approval and oversight. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations concerning communications between the unidentified "granting charity" and Plaintiff as alleged in paragraph 22 of the Complaint. Defendant denies that the Arizona Rangers violated the terms of any restricted grant and/or that Plaintiff has any standing or capacity to pursue funds as alleged or at all.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 does not contain an independent factual allegation requiring a response.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and further alleges that the charitable gifts at issue in this case were not contracts.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and affirmatively alleges the grants were not contracts and neither Plaintiff nor the donor have the standing or capacity to sue.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Paragraph 34 does not contain an independent factual allegation requiring a response.

35. Defendant admits the allegations contained in paragraph 35 of the Complaint but alleges the charitable gifts at issue in this case were not contracts and further denies that Plaintiff was or is a party to the "transactions."

36. Defendant denies the allegations contained in paragraphs 36, 37, 38, 39 and 40 of the Complaint.

37. Paragraph 41 does not contain an independent factual allegation requiring a response.

38. Answering paragraph 42 of the Complaint, Defendant admits that neither Jeff East nor Anthony Ramirez, the two individuals Plaintiff previously identified as purported agents of Defendant Arizona Rangers, had actual or apparent authority to bind Defendant to a contract or restrictions on a charitable gift.

39. Defendant denies the allegations contained in paragraphs 43, 44, 45, 46, 47, 48 and 49, and affirmatively alleges that Plaintiff did not make the gifts at issue in this litigation and in any event lacks both standing and capacity to assert the claims alleged in the Complaint.

40. Defendant denies each and every allegation of the Complaint not previously admitted or otherwise plead to.

41. Plaintiff lacks standing and/or capacity to assert the claims alleged in the Complaint.

42. Plaintiff's claims are barred by estoppel, waiver, unclean hands and its failure to notify the Arizona Attorney General (who is the only entity with the standing and capacity to sue to enforce the terms of alleged restrictions on charitable gifts in Arizona) of its claims.

43. Plaintiff's claims are barred by its failure to join the Arizona Attorney General, the American Endowment Foundation and the Veritas Endowment Fund as required parties to this action.

44. At the time of this Answer, Defendant does not know which additional affirmative defenses may apply. Rather than waive the same, Defendant reserves the right to amend this Answer to assert any additional matter of avoidance or affirmative defense revealed through disclosure or discovery.

WHEREFORE, having fully Answered, Defendant requires relief as follows:

1. That Plaintiff's Complaint be dismissed and Plaintiff take nothing thereby;

2. For an award of attorney fees and costs pursuant to A.R.S. § 12-341.01 and § 12-341; and

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues and/or causes of action to which it is entitled to a trial by jury.

## THIRD PARTY COMPLAINT

Third Party Plaintiff, Arizona Rangers, for its Third Party Complaint against Third Party Defendant Grant G. Winthrop, alleges as follows:

1. Third Party Plaintiff, Arizona Rangers, is an Arizona non-profit corporation with its principal place of business in Arizona.

2. Third Party Plaintiff, Arizona Rangers, is informed, believes and therefore alleges that Grant G. Winthrop is an unmarried man currently domiciled in California.

3. This Court has jurisdiction over this Third Party Complaint pursuant to both 28 U.S.C. § 1332(a)(1), because there is diversity of jurisdiction between the parties and the amount in controversy exceeds $75,000.00, and because the Third Party Plaintiff's indemnity claims are ancillary to the original action.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to the third party claim took place in Arizona.

## FACTUAL BACKGROUND

5. Arizona Rangers is a non-profit, uniformed law enforcement auxiliary that reports to the Governor of Arizona.

6. In or about 2016, Third Party Defendant Grant G. Winthrop became an associate member of the Arizona Rangers.

7. Third Party Plaintiff is informed and believes that during the period from 2016 through 2017, Mr. Winthrop was instrumental in causing grant applications to be submitted to the American Endowment Foundation and/or the Veritas Endowment Fund without the knowledge or approval of the Arizona Ranger's Board.

8. Third Party Plaintiff received a total of six grants from the American Endowment Foundation and/or the Veritas Endowment Fund totaling $175,000.00 during the period of November 30, 2016 through October 3, 2017.

9. Third Party Plaintiff is informed, believes and therefore alleges that Mr. Winthrop was also the principal directing and funding the six grants.

10. Specifically, the six grants were all made by either the Veritas Endowment Fund, a fund of the American Endowment Foundation, or by the American Endowment Foundation itself.

11. Third Party Plaintiff is informed, believes and therefore alleges the American Endowment Foundation is an independent donor advised fund.

12. Third Party Plaintiff is informed, believes and therefore alleges that Mr. Winthrop is the donor who funded and controls the Veritas Endowment Fund, which made five of the six grants and, further, that Mr. Winthrop is also the anonymous donor behind the sixth grant from the American Endowment Foundation.

13. Third Party Plaintiff is informed, believes and therefore alleges that some or all of the portion of the $175,000.00 in grants Arizona Rangers received was spent by and/or at the direction of Grant G. Winthrop. Specifically, Third Party Plaintiff is informed, believes and therefore alleges that Mr. Winthrop obtained and used a credit card in Arizona Ranger's name without the Board's knowledge, authorization, approval or oversight and used it to spend a portion of the $175,000.00 in grants received.

14. Plaintiff, Wine Education Council, alleges in the underlying Complaint that some or all of the grant money the Arizona Rangers received through the six grants were improperly spent in a manner which violates the terms of the specific grants.

15. Defendant/Third Party Plaintiff has denied and continues to deny that Plaintiff has standing to assert the claims asserted in the Complaint, that the claims asserted state a valid cause of action and that funds were in fact spent in violation of the terms of any of the grants. If, however, it is determined that Defendant/Third Party Plaintiff is in fact liable to Plaintiff based on the misuse of any of the funds in question. Third Party Plaintiff is

informed, believes and therefore alleges it will be because Mr. Winthrop intentionally and/or negligently misappropriated and/or improperly spent funds belonging to Third Party Plaintiff without its knowledge or authority.

16. If Defendant/Third Party Plaintiff is determined to be liable to Plaintiff, Third Party Defendant Grant G. Winthrop will be liable to Third Party Plaintiff for indemnity and/or contributions.

**COUNT ONE**
**(Agency/Breach of Fiduciary Duty)**

17. Third Party Plaintiff incorporates the foregoing allegations by this reference.

18. In taking custody and control, and using of both a credit card in Arizona Rangers' name and funds deposited into the Arizona Rangers' account, Third Party Defendant assumed a fiduciary duty to the Arizona Rangers.

19. To the extent it is determined Arizona Rangers is liable to Plaintiff, Third Party Defendant will have proximately caused Arizona Rangers damages in an amount equal to the amount of that liability together with its attorney fees and taxable costs incurred herewith Third Party Defendant will be liable to indemnify Arizona Rangers against that liability because he will have breached his fiduciary duty with regard to the use of the Arizona Rangers' funds entrusted to his care and control.

**COUNT TWO**
**(Negligence)**

20. Third Party Plaintiff incorporates the foregoing allegations by this reference.

21. To the extent the grants placed restrictions on the use of the funds, Third Party Defendant owed a duty to Arizona Rangers to comply with those restrictions in using the funds.

22. To the extent it is determined that Arizona Rangers violated restrictions on the use of the funds it will be because Third Party Defendant breached his duty to the Arizona Rangers to comply with those restrictions.

23. To the extent Arizona Rangers is found liable to Plaintiff, Third Party Defendant's negligent acts will have proximately caused the Arizona Rangers damages equal to the amount of that liability, together with its attorney fees and taxable costs incurred herein.

### COUNT THREE
### (Common Law Indemnity)

24. Third Party Plaintiff incorporates the foregoing allegations by this reference.

25. To the extent Arizona Rangers is found to be liable to Plaintiff for violation of restrictions in the grants, then pursuant to the facts of this case and the nature of the parties' relationship, Arizona Rangers will be entitled to common law indemnity from Third Party Defendant for any sums Arizona Rangers are required to pay to Plaintiff as well as their attorney fees and taxable costs.

WHEREFORE, Defendant/Third Party Plaintiff Arizona Rangers, seeks the following relief from Third Party Defendant Grant G. Winthrop:

1. Compensatory damages equal to the amount of any damages award to Plaintiff against Defendant/Third Party Plaintiff, together with the attorney fees and taxable costs Defendant/Third Party Plaintiff incurs in defending against Plaintiff's claims;

2. Post-judgment interest at the statutory rate on this foregoing amounts; and

3. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of May, 2019.

    SIMMONS & GOTTFRIED, PLLC
        Jared C. Simmons
        8160 E. Butherus Drive, Suite 7
        Scottsdale, Arizona  85260

    -AND-

    BALL, SANTIN & MCLERAN, PLC

    By: /s/Jeffrey Messing
        Jeffrey Messing
        2999 North 44th Street, Suite 500
        Phoenix, Arizona 85018
        *Attorneys for Defendant / Third Party Plaintiff Arizona Rangers*