**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, | No. CV-19-02235-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rangers, | |
| Defendant. | |

Before the Court is Plaintiff Wine Education Council's Motion Pursuant to Fed. R. Civ. P. 56(d) to Deny or Defer Defendant's Motion for Summary Judgment (the "Motion"). (Doc. 107). Defendant Arizona Rangers has filed an early summary judgment motion seeking judgment in its favor on Plaintiff's claims. (Doc. 98). The Motion for Summary Judgment contends that summary judgment may be entered on all claims based on the American Endowment Foundation donation letters themselves. (*See* Doc. 98). Plaintiff Wine Education Council ("WEC") asserts that discovery must be had on the intent of the letters. This includes taking depositions of certain people and obtaining specified categories of documents.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). In granting or denying a Rule 56(d) motion, the Court has discretion based on the specifics and status of the case. The Court may consider the status of discovery, the nonmovant's need for facts held only

by the movant, and the relationship between the sought-after facts and material issues of the case. *See Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989) ("[T]he district court may refuse to grant the party's application for summary judgment if the opposing party needs time to discovery central facts.").

A party seeking to delay summary judgment for further discovery must state "what other specific evidence it hopes to discover [and] the relevance of that evidence to its claims." *Program Eng'g, Inc.*, 634 F.2d at 1194. An accurate prediction of what will be revealed through additional discovery may not possible, since "the whole point of discovery is to learn what a party does not know or, without further information, cannot prove." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). The evidence sought by a Rule 56(d) request, however, must be more than pure speculation. *See Cal. v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998). In particular, the party requesting the Rule 56(d) deferral must: (1) set forth in an affidavit the specific facts sought in further discovery; (2) show that the sought-after facts exist; and (3) show that those facts are essential to adequately oppose summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

The Court finds WEC has satisfied the Rule 56(d) standard. WEC set forth, in affidavit form, the specific facts they hope to elicit from discovery (*see* Doc. 107-4, ⁋ 8–9); that such facts are discoverable (*see id.*, ⁋ 9, 12); and that the facts are essential to oppose the Arizona Rangers' motion for summary judgment (*see id.*, ⁋ 14).

The discovery period is open until October 2, 2020. (Doc. 94). The Arizona Rangers may refile their Motion for Summary Judgment after WEC completes its requested discovery.

/

Accordingly,

**IT IS ORDERED** that Wine Education Council's Rule 56(d) motion seeking deferment of Arizona Ranger's motion for summary judgment (Doc. 107) is **granted**.

**IT IS FURTHER ORDERED** that the Arizona Rangers' Motion for Summary Judgment (Doc. 98) is **denied** without prejudice.

Dated this 15th day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge