**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, | No. CV-19-02235-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rangers, | |
| Defendant. | |

Pending before the Court is the Arizona Rangers' Motion to Dismiss Third-Party Defendant Grant G. Winthrop's claim for abuse of process. (Doc. 67). The Court rules as follows.

**I.**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where the claimant "can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Allegations of fact are assumed true and reasonable inferences are construed in favor of the claimant. *See id.*; *Nat. Wildlife Fed. v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995). Mere conclusory statements are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

## II.

"The essence of the tort of abuse of process is the perversion of legal proceedings properly set in motion to a purpose for which it was not intended." *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 696 (9th Cir. 1981). Under Arizona law, the elements of an abuse of process claim are "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982).

To successfully proceed with an abuse of process claim, it must be shown that the primary motivation of the accused party is to improperly use court processes. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 259 (App. 2004). The initiation of a lawsuit alone is not enough to establish an abuse of process claim. *See Joseph v. Markovitz*, 27 Ariz. App. 122, 126 (1976). Mere threats to invoke judicial process, absent "any demand for special advantage from it," are likewise insufficient. *Morn v. City of Phoenix*, 152 Ariz. 164, 168 (App. 1986) (quoting Prosser and Keeton on the Law of Torts § 121 (5th ed. 1984) pp. 897–99); *see also Blue Goose Growers, Inc.*, 641 F.2d at 697. Without a showing that the accused's primary motivation is to use the judicial process in an unauthorized or improper manner, their "incidental motivation[,] . . . secondary gain or emotional satisfaction" is not pertinent. *Crackel*, 208 Ariz. at 259; *see also Nienstedt*, 133 Ariz. at 353 (quoting Restatement (Second) of Torts § 682, Comment (b) (1977) ("[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit. . .")); *Joseph*, 27 Ariz. App. at 126 (quoting Prosser, Law of Torts (4th ed.) p. 857 ("[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.")).

In his counterclaim, Mr. Winthrop alleges that the Arizona Rangers abused the legal process by naming him as a third-party defendant. He avers that:

(1) The Arizona Rangers sought to extort Mr. Winthrop with legal action if he did not get Plaintiff Wine Education Council ("WEC") to drop their lawsuit

against the Arizona Rangers. (Doc. 64, p. 7, ¶¶ 43–45).

(2) Due to Mr. Winthrop's ties to WEC, the Arizona Rangers unfairly singled him out as a party to the action, despite numerous others being involved in spending the grant money. (*Id.* at ¶ 45).

(3) The Arizona Rangers improperly included Mr. Winthrop in the litigation, despite clearing him of any wrongdoing following an internal audit performed by the Arizona Rangers. (*Id.* at ¶¶ 44, 45).

(4) The Arizona Rangers misused discovery, both in their provided responses and continued requests of Mr. Winthrop, despite clearing him of any wrongdoing. (*Id.* at ¶¶ 44, 46).[*]

The Arizona Rangers argue that Mr. Winthrop's claim of abuse of process fails as a matter of law. (Doc. 67, pp. 2, 4–7). They present their actions as legitimate and appropriate in pursuing a lawful end: to fulfill an indemnity or contribution claim against Mr. Winthrop as a proper party should WEC prevail. (*Id.* at 3, 6–7). The Court agrees with the Arizona Rangers. *See Blue Goose Growers, Inc.*, 641 F.2d at 697 (finding threats to file a lawsuit, subsequent initiation of litigation, and extensive discovery requests to be a proper and authorized use of the judicial process that did not satisfy the "willful act" requirement for an abuse of process claim).

At this stage of the proceedings, the motion to dismiss tests only the sufficiency of Mr. Winthrop's claims. Here, based on the facts alleged, the Court cannot conclude that the counterclaim plausibly gives rise to an abuse of process claim. Mr. Winthrop has not

---

[*]Additionally, Mr. Winthrop points to a single statement made by the Arizona Rangers' counsel that the claim against Mr. Winthrop does not "alleg[e] any malfeasance." What counsel said was: "I want to make sure it's clear our claims against Mr. Winthrop is we're not alleging he did anything wrong. Our claim is, if we're liable for any misuse of the funds that were spent by Mr. Winthrop as evidenced through the American Express statements that Mr. Winthrop opened . . . We have an indemnification claim against Mr. Winthrop. It is not a claim alleging any malfeasance. We are simply saying, if we are liable for any sums, Mr. Winthrop, as the individual that actually spent that money, also shares in that liability." (Rep. Tr. Proceedings, Disc. Dispute Hr'g, Mar. 6, 2020, Doc. 73-2, Ex. A, pp. 13–14). He appears to assume that this statement somehow holds him harmless. The statement does no such thing. Mr. Winthrop also asks the Court to take judicial notice of the Mar. 6, 2020 transcript. Because the transcript is part of this current proceeding before this Court, the request is unnecessary.

met the required pleading threshold and dismissal under Rule 12(b)(6) is appropriate. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). Accordingly, Mr. Winthrop will be granted leave to amend his counterclaim to correct these deficiencies.

### III.

Accordingly,

**IT IS ORDERED** that Arizona Rangers' Motion to Dismiss Third-Party Defendant Grant G. Winthrop's Claim for Abuse of Process (Doc. 67) is **granted**.

**IT IS FURTHER ORDERED** that Mr. Winthrop may have leave to amend his counterclaim (Doc. 64) and shall refile an amended counterclaim on or before August 5, 2020.

Dated this 15th day of July, 2020.

Michael T. Liburdi
United States District Judge