Jared Simmons (Bar No. 018624)
jared@sglawaz.com
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
Telephone:  (480) 998-1500
Facsimile:   (480) 998-6074

Jeffrey Messing (Bar No. 009768)
messing@bsmplc.com
Kesha A. Hodge (Bar No. 021824)
hodge@bsmplc.com
BALL, SANTIN & MCLERAN, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
Telephone:  (602) 840-1400
Facsimile:   (602) 840-4411
*Attorneys for Defendant Arizona Rangers*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>                              Defendant. | Case No. CV-19-02235-PHX-DWL<br><br>**RULE 14(A)(4) MOTION TO STRIKE THE THIRD-PARTY COMPLAINT AGAINST JEFFREY EAST FROM THIS ACTION**<br><br>***Oral Arguments Requested*** |
| Related Third-Party Complaint | |

Pursuant to Federal Rule of Civil Procedure 14(a)(4), Defendant/Third-Party Plaintiff Arizona Rangers moves this Court to strike from this action the third-party complaint that Third-Party Defendant Grant Winthrop seeks to file, without this Court's permission, against Jeffrey East ("Winthrop/East Third-Party Complaint"). [1]

The purported Winthrop/East Third-Party Complaint was filed without leave of this Court, is untimely, and will cause undue delay and prejudice to Arizona Rangers. *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988-89 (D. Ariz. 2013)

---

[1]      Pursuant to Local Rule 7.1(b)(2), a proposed Order is hereto attached.

Ball, Santin & McLeran, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

(factors that a court should consider in granting leave to implead a third party include the timeliness of the motion, whether the proposed third party is likely to delay the trial, whether the proposed third party will cause prejudice to any of the other parties, whether the proposed third party will disadvantage the existing action, and whether the proposed third-party complaint alleges a cause of action for which relief may be granted). The Winthrop/East Third-Party Complaint should, therefore, be stricken from this action.

### I.   Winthrop Failed to Seek and Obtain Leave from this Court to File the purported Winthrop/East Third-Party Complaint.

Rule 14(a)(1) unequivocally and unambiguously states that "the third-party plaintiff **must**, by motion, obtain the court's leave *if* it files the third-party complaint more than 14 days after serving its **original** answer." (Emphasis added.) Despite his contention to the contrary, Doc. 132 at page 2, n.1, the docket clearly shows that Winthrop appeared and filed his *original* Answer to the Arizona Rangers' Third-Party Complaint on July 22, 2019. *See* Doc. 24. As a result, he could only file a third-party complaint without leave of the Court, if he did so by August 5, 2019.

The purported Winthrop/East Third-Party Complaint comes more than a **year** after Winthrop initially answered in this suit. He attempts to justify the unauthorized unilateral filing by suggesting that his Answer was not filed until March 10, 2020, however, that is simply not true. March 10, 2020 is the date that he filed his Amended Answer to Arizona Rangers' Third-Party Complaint and asserted counterclaims against Arizona Rangers, but Rule 14(a)(1) is clear that his deadline ran from the date that served his **original** Answer. Winthrop was required to seek leave from this Court to file his Winthrop/East Third-Party Complaint, which he failed to do.

The recent Order granting Arizona Rangers' Motion to Dismiss Winthrop's Abuse-of-Process Counterclaim did not grant Winthrop an extension in which to file any third-party complaint. The Court simply allowed Winthrop until August 5, 2020 to amend and "refile an **amended counterclaim**." Doc. 123 at page 4 (Emphasis added). The Court did not

consider or address the Winthrop/East Third-Party Complaint now being raised, because Winthrop did not present that pleading.

## II.    Allowing the Winthrop/East Third-Party Complaint Would Cause Undue Delay and Prejudice to Arizona Rangers.

This is not than a mere procedural matter, this is part of the continuing and concerted efforts by Winthrop and Wine Education Council (which has admitted it is indemnifying Winthrop in this case) to use this litigation as a means of bankrupting Arizona Rangers by continuing to unnecessarily expand these proceedings with superfluous pleadings, irrelevant discovery, and now additional parties.

The Case Management Order in this case has been amended three times. *See* Docs. 22, 35, 59, 94.[2] October 2, 2020 is the current deadline for the final supplementation of MIDP responses and the completion of fact discovery. Wine Education Council has already scheduled the deposition of Arizona Rangers' Rule 30(b)(6) representative for August 12, 2020 and Arizona Rangers is in the process of scheduling the depositions of WEC's representative and Winthrop for September 3 and 4, 2020 respectively.

It is not clear whether East, the proposed Third-Party Defendant, has even been served yet.[3] Assuming arguendo that East was served on August 6, 2020, when the Summons for the Winthrop/East Third-Party Complaint was issued, his answer/responsive pleading would not be due until August 27, 2020 and his responses to the Mandatory Initial Discovery Requests would not be due until September 28, 2020, four business days before the discovery cutoff. It is unrealistic to expect any counsel representing East to get up to speed on the filed

---

[2]    The Winthrop/East Third-Party Complaint clearly violates the Case Management Order, which states "No motions to join parties, amend pleadings or filing supplemental pleadings shall be filed." Doc. 22.

[3]    Undersigned counsel does **not** represent Jeffrey East and has not been in communications with him regarding the Winthrop/East Third-Party Complaint. Nothing in this Motion should be construed as affecting his rights/available defenses, suggesting representation of East, or affecting the rights/available defenses of Arizona Rangers, should the Winthrop/East Third-Party Complaint be allowed. The argument presented in this Motion is simply addressing the practical problems that would arise should this Court allow Winthrop to bring this Third-Party Complaint at the proverbial last minute.

Ball, Santin & McLeran, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

Ball, Santin & McLeran, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

pleadings, the MIDP responses (and twenty supplements and over 8,800 pages of documents), the other discovery, and the transcripts within that short window of time.

There is no way to maintain the current case management schedule, if the purported Winthrop/East Third-Party Complaint is added to this Action. As this Court is aware, Arizona Rangers filed a Motion for Summary Judgment against Wine Education Council on June 9, 2020, which this Court deferred ruling on, in part, because Wine Education Council claimed that it needed additional discovery to respond. Arizona Rangers will be unduly prejudiced, if this case were once again delayed due to more gamesmanship by Winthrop and his principal, Wine Education Council.

In addition, if the Winthrop/East Third-Party Complaint were to be tried as part of this case, Mr. East will have the right to retake discovery, including depositions taken without his participation or he will be severely prejudiced and deprived of his right to meaningfully participate in the discovery. That will not only delay the prompt resolution that Arizona Rangers seek and are entitled to; it will also increase the litigation expenses. *See Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) ("It is not an abuse of discretion to deny an application for impleader [of a new third-party defendant] where it will disadvantage the existing action., [whereby the third-party complaint would have] complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action."); *see, e.g., Gandy v. Shaklan-Brown*, No. CV063072PHXPGR, 2008 WL 4446708, at *2 (D. Ariz. Sept. 30, 2008) (denying defendant's request for leave to allege third-party complaint where "the addition of the third-party claims would obviously disadvantage the existing action, which is now in the procedural posture of awaiting resolution of cross-motions for summary judgment.").

The other factor that weighs in favor of striking the Winthrop/East Third-Party Complaint from this action is the undisputable fact that Winthrop knew of East's existence and the purported basis for his Third-Party claim long before he sought to file the Winthrop/East Third-Party Complaint. He has offered **no** reason for the substantial delay. Winthrop will not be prejudiced, if the Winthrop/East Third-Party Complaint is stricken from

this action.   To the extent that Winthrop contends that he has a claim against East for indemnification, Winthrop can sue East directly, presuming there are no additional issues that bar his action.

As a practical matter, if this Court  ignores Winthrop's failings and allows the Winthrop/East Third-Party Complaint to be tried as part of this case, Arizona Rangers asks this Court to simultaneously order Winthrop to immediately reimburse Arizona Rangers for the costs it will incur in retaking any discovery that occurs before East answers (and asks that the existing discovery deadlines be continued, yet again).

### CONCLUSION

The purported Winthrop/East Third-Party Complaint should be stricken because it was filed without leave of this Court, is untimely, and will unduly delay and prejudice Arizona Rangers.

RESPECTFULLY SUBMITTED this 6th day of August 2020.

SIMMONS & GOTTFRIED, PLLC
Jared C. Simmons
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona  85260

-and-

BALL, SANTIN & MCLERAN, PLC


By: */s/ Kesha A. Hodge*
Jeffrey Messing
Kesha A. Hodge
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
*Attorneys for Defendant Arizona Rangers*

Ball, Santin & McLeran, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

5

Ball, Santin & McLeran, PLC
2999 North 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August 2020, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Cory L. Braddock, Esq.
cbraddock@swlaw.com
Shalayne L. Pillar
spillar@swlaw.com
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Ste. 1900
Phoenix, AZ  85004-2202
*Attorneys for Plaintiff*
*Wine Education Council and*
*Third Party Defendant*
*Grant G. Winthrop*

*/s/ Kesha A. Hodge*