**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Rangers,<br><br>        Defendant. | No. CV-19-02235-PHX-MTL<br><br>**ORDER** |

Pending is the Rule 14(a)(4) Motion to Strike the Third-Party Complaint Against Jeffrey East (Doc. 138). The Court has reviewed the parties' briefs and rules as follows.

**I**

Rule 14(a), Fed. R. Civ. P. authorizes the filing of a third-party complaint against a non-party. This tactic is commonly known as third-party impleader. The purpose of impleading a non-party "is 'to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim.'" *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013) (quoting *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986)). Under Rule 14(a)(1), "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

///

Mr. Winthrop, the putative third-party plaintiff, filed and served his first answer on July 22, 2019. (Doc. 24.) The Arizona Rangers now move to strike his August 5, 2020 Third-Party Complaint (Doc. 132) because, despite having filed the original answer over a year ago, Mr. Winthrop did not seek leave of court to file the Third-Party Complaint as required by Rule 14(a)(1). Mr. Winthrop contends that he could not initiate his impleader action until after the Arizona Rangers recently amended its complaint against him. (Doc. 144 at 3.) He asks that this Court displace the plain language of Rule 14(a)(1) in favor of a "functional" approach under which the fourteen-day clock is reset after new theories of liability are asserted. (*Id*. at 5.) Mr. Winthrop argues that he could not determine the need to seek indemnity against Mr. East until the Arizona Rangers filed its amended claims. His amended answer, Mr. Winthrop argues, should be considered his "original" answer. The third-party claims are timely, Mr. Winthrop asserts, because they were filed along with this amended answer.

The Court is not convinced. As the Arizona Rangers state in its Reply brief (Doc. 146 at 2), it amended its claims to bolster the factual basis to satisfy objections in Mr. Winthrop's motion for judgment on the pleadings. The essential nature of the legal claims remained the same. If Mr. Winthrop wanted to seek common law indemnity against Mr. East, without asking for leave of court, he should have done so after he filed his original answer and within the contemplated timeframe of Rule 14(a)(1). Since he did not, the Court will grant the Motion to Strike the Third-Party Complaint.

///
///
///
///
///
///
///
///

## II

Accordingly,

**IT IS ORDERED** granting the Motion to Strike (Doc. 138).

**IT IS FURTHER ORDERED** that the Third-Party Complaint against Jeffrey East is stricken (Doc. 132 at p. 11, line 26 through p. 14, line 19).

**IT IS FINALLY ORDERED** vacating oral argument set for Thursday, August 20, 2020. After reviewing the pleadings, the Court has determined that oral argument would not have aided the decisional process. *See* LRCiv 7.2(f).

Dated this 19th day of August, 2020.

Michael T. Liburdi
United States District Judge