**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, | No. CV-19-02235-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rangers, | |
| Defendant. | |

Pending before the Court is Plaintiff/Third-Party Defendant Wine Education Council's ("WEC") Motion to Exclude Testimony and Expert Opinion of Ellis M. Carter (Doc. 187). Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") filed a response (Doc. 197), to which WEC replied. (Doc. 200). In its Reply, WEC requested oral argument on the motion, (Doc. 200 at 1), however The Court declines to hold oral argument finding it unnecessary. LRCiv. 7.2(f). The Court has considered the pleadings and law and will grant WEC's Motion.

**I.    BACKGROUND**

The facts of this litigation have been amply summarized by the Court in its previous orders and will not be restated in full here. For the purposes of this Motion, it is sufficient to note this litigation involves several grants totaling $175,000.00 that were made to AZR between November 30, 2016 and October 3, 2017. (Doc. 197.) WEC asserts these grants were subject to a condition that if the "East Valley Ranger Troop[1] ceases to operate" then

---

[1] According to the letter purportedly setting conditions upon the grants, the "East Valley

all remaining funds of the grants and the property purchased by the grants must be turned over by AZR to WEC. (Doc. 187 at 2.) WEC also asserts it was given the right to enforce the conditions on the grants as the "backup beneficiary." (*Id.*) In this action, WEC has brought suit against AZR alleging among other things that the "East Valley Ranger Troop" has ceased to operate, and as such the remaining funds and property purchased by the grants must be turned over to WEC. (*Id.*) WEC has brought claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment based on AZR's failure to turn over the grant funds. (Doc. 1.)

AZR contests WEC's claims, arguing among other things that the "East Valley Ranger Troop" is a fictitious entity and not a recognized subdivision of its organization. (Doc. 197 at 3.) It argues that Grant Winthrop, a then-member of AZR, invented the entity when writing the grant letter and put himself in charge of the funds, but that the "East Valley Ranger Troop" otherwise did not exist. (*Id.*) AZR has claimed in earlier pleadings that Grant Winthrop was, unbeknownst to it, the donor of the funds used to make the grants at issue in this case. One of the defenses AZR seeks to assert against WEC's claims is that the condition on the granted funds is invalid because the "East Valley Ranger Troop" is not a legally recognized as a public charity and thus cannot receive the funds. (Doc. 197 at 7.) AZR also argues that because Grant Winthrop was the "donor advisor" of the grant funds, it would also be impermissible for him to be in control of the funds donated under applicable law. (Doc. 197 at 4.)

The merits of AZR's arguments are not at issue in this Motion; instead WEC challenges the method by which AZR seeks to support them. AZR disclosed the expert opinion of one Ellis M. Carter, a Phoenix tax attorney, whom it seeks to have testify at trial in this case. AZR hired Ms. Carter to "provide [her] opinion concerning the legality of the making and management of certain grants to the East Valley Company (a/k/a East Valley Troop)." (Doc. 187-1 at 2.) Ms. Carter's expert report gives her opinion on whether "under

---

Troop" was composed of "Grant Winthrop, Vance Ownbey and Peter Steinmetz[,]" an associate ranger and two associate ranger applicants respectively. (Doc. 98-28.)

the Internal Revenue Code…("Code"), the East Valley Company, standing alone, is qualified to receive a charitable grant from a donor advised fund…[and] [w]hether …Grant Winthrop is permitted to retain discretion and control over funds donated from the donor advised fund he advises[.]" (*Id*.) Ms. Carter's report opines that:

> Based on Code Section 4966(e) and the Treasury Regulations promulgated thereunder, that the East Valley Company, standing alone, is not qualified to receive a charitable grant from a donor advised fund because it is not recognized as a public charity under Code Sections 501(c)(3) and 170(b)(1)(A) and the sponsoring organization did not exercise "expenditure responsibility" with respect to the grant in accordance with Code Section 4945(h), making the grant a taxable expenditure subject to penalties.

(*Id*.) She further contends that:

> Based on Code Section 4958 and the Treasury Regulations promulgated thereunder, a donor advisor such as Grant Winthrop is not permitted to control funds donated from the donor advised fund he advises because any direct or indirect benefit to the donor advisor from the donor advised fund is an excess benefit transaction subject to sanctions.

(*Id*. at 3.)

Ms. Carter's report states that her opinion is based on her review of various pleadings and other documents in this case together with her review of "the relevant provisions of the Internal Revenue Code, …the Treasury Regulations issued and proposed under the Code…and interpretations of the Code by both the Internal Revenue Service and the federal courts." (*Id*.) Appended to her report is Ms. Carter's CV together with several provisions of the Internal Revenue Code. (*Id*. at 16-56.)

WEC filed a motion to exclude Ms. Carter's testimony and expert opinion, arguing it improperly offered an opinion as to the law of the case, thus invading the province of the Court, and further argued the testimony was irrelevant. (Doc. 187 at 2.) AZR responded arguing Ms. Carter was qualified and that her testimony was relevant and permissible under Federal Rule of Evidence 702.

**II.    LEGAL STANDARD**

The Federal Rules of Evidence assign district courts the "gatekeeping" responsibility of deciding the admissibility of expert testimony. *Daubert v. Merrell Dow Pharm*., Inc., 509 U.S. 579, 589 (1993). "The primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Id*. Indeed, Rule 702 delineates several admissibility requirements so district courts can ensure the proposed expert testimony is both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 137. Reliability is safeguarded by Rule 702(a)'s "helpfulness standard," which requires expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591–92.

This "helpfulness standard" does not necessarily bar expert testimony concerning the "ultimate issue" in a given case. *Hangarter v. Provident Life & Acc. Ins*. Co., 373 F.3d 998, 1016 (9th Cir. 2004). At the same time, "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id*. Thus, an expert witness "cannot give an opinion as to her legal conclusion." *Id*. An expert who "tell[s] the jury what result to reach . . . does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). The inadmissibility of such expert testimony—mere legal opinions—is "a kind of axiomatic principle" and "'so well-established that it is often deemed a basic premise or assumption of evidence law[.]'" *Pinal Creek Group v. Newmont Mining Corp*., 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) (quoting *In re Initial Public Offering Sec. Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y.2001)).

### III.  ANALYSIS

#### A.  Legal Opinion

The Court is convinced that Ms. Carter's opinion consists of an impermissible legal opinion that does nothing more than apply tax laws and regulations to the facts of the case. *See e.g.*, *United States v. Boulware*, 558 F.3d 971, 974-75 (9th Cir. 2009) (affirming exclusion of expert testimony that "corporate distributions were legally non-taxable" as an

impermissible legal opinion). Ms. Carter's report does not even pretend to rely on anything other than the application of law to fact. (Doc. 187-1 at 3 (noting Ms. Carter's opinion is fully based on a review of relevant case filings and relevant potions of the Internal Revenue Code, Treasury Regulations, and caselaw).) Further, the substantive report itself is nothing more than two paragraphs of legal conclusions regarding issues that are the province of the Court rather than that of the jury. (*Id.* at 2.) AZR's briefing on the Motion does not sway the Court's opinion, and indeed at times seems to bolster it. For instance, AZR argues Ms. Carter's testimony is appropriate because the jury will need to determine "whether the…provisions in the May 15, 2017 letter are valid and enforceable," and her testimony can help the jury understand that "only organizations recognized as a public charity under Code Sections 501(c)(3) or 170(b)(1)(A) qualify to receive grant funds." (Doc. 197 at 7.) However, it is unclear to the Court how the proposed scenario would ever fall within the province of the jury. The legal effect of a tax law on the validity of the grant condition is an issue of law that this Court will decide, not an issue for the jury. *See e.g.*, *Wolf v. Commissioner IRS*, 4 F.3d 709, 714 (9th Cir. 1993) (noting the legal effect of a tax form was a question of law); *Jacobs Eng'g Grp. v. United States*, No. CV 96-2662 JMI (VAPx), 1997 U.S. Dist. LEXIS 3467, at *3 (C.D. Cal. Mar. 4, 1997) (noting the applicability of the tax code to a loan was a question of law).

Even if there are some scenarios where the application of the law might be dependent upon some disputed issue of fact for the jury, it will be the province of the Court to instruct the jury how the law applies. *See Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005) (quoting *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) ("There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.")). Further, while Plaintiff argues Ms. Carter's testimony should be admitted to help explain the legal and regulatory landscape to the jury, the Court notes that no such explanation is present in her proffered report. (Doc. 187-1 at 1-3.) The entirety of Ms. Carter's report consists of legal conclusions. The sole "explanation" of the legal or regulatory landscape is found, not in

her analysis, but in the text of appended statutes. (*Id*. at 5-41.) The Court charged with instructing the jury.

### B. Unpled Affirmative Defense

WEC also states that regardless of the legal nature of Ms. Carter's opinion, as the case stands her opinion on the illegality of the grant conditions is irrelevant. WEC points out that AZR has not pled the affirmative defense of illegality as a defense in this case and thus could not raise the defense at trial. AZR does not respond to this argument in its brief. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including…illegality." Fed. R. Civ. P. 8(c)(1); *see also*, R*ock River Communs., Inc. v. Universal Music Group, Inc.*, 745 F.3d 343, 350 (9th Cir. 2014) (quoting *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 477 (9th Cir. 1969) ("illegality is an affirmative defense and defendants[] have the burden of pleading and proof").

AZR's amended answer states in pertinent part that "[a]t the time of this Answer, [AZR] does not know which additional affirmative defenses may apply. Rather than waive the same, Defendant reserves the right to amend this Answer to assert any additional matter of avoidance or affirmative defense revealed through disclosure or discovery." (Doc. 109 at 6.) As of yet AZR has not actually amended its answer to assert the affirmative defense of illegality. In the absence of such amendment, Ms. Carter's testimony is irrelevant to any issue in the case.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that WEC's Motion to Exclude Testimony and Expert Opinion of Ellis M. Carter (Doc. 187) is granted.

Dated this 22nd day of April, 2021.

Honorable Susan M. Brnovich
United States District Judge