**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, | No. CV-19-02235-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Rangers, | |
| Defendant. | |

Pending before the Court are Plaintiff Wine Education Counsel and Third-Party Defendant Grant Winthrop's ("The Movants") Motion for Spoilation and Sanctions. (Doc. 178.) Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") filed a response, (Doc. 184), and the Movants filed a reply. (Doc. 188.) Also pending before the Court is AZR's Motion to Strike the Motion for Spoilation and Sanctions, (Doc. 182), to which the Movants have filed a response, (Doc. 189), and AZR a reply. (Doc. 196.) Having considered the parties briefing and applicable law, the Court will grant AZR's Motion to Strike the Motion for Spoilation and Sanctions finding it is untimely and violates the Case Management Order ("CMO") of this case.

**I. BACKGROUND**

The Movants request sanctions against AZR for its alleged violation of Rule 37(e), Fed. R. Civ. P., or alternatively for sanctions based on the Court's "inherent power…to levy sanctions in response to abusive litigation practices." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The Movants allege these sanctions are merited based on actions

or omissions of AZR which allegedly led to the destruction or unavailability of evidence relevant to interpretation of the parties' contracts. The parties' central remaining dispute in this case concerns the interpretation of a clause contained in one of grant agreements ("the recovery clause"). WEC alleges the terms of the clause, either of its own force or independent oral agreement, gives WEC a right to recovery property and money associated with all six grants. AZR disputes the scope of the clause claiming it applies only to one of the six grants, and was not triggered in this case.

The Movants allege that AZR's behavior during the discovery period of this case has resulted in the spoliation of relevant evidence. The allegedly spoliated evidence includes the following: (1) meeting minutes recorded by the development committee and the East Valley Company between November 30, 2016 and October 3, 2017, (2) additional emails, notes and documents retained by the AZR board of directors concerning the conditions of the grants which the Movants' allege were not produced, (3) text messages among individual rangers discussing the terms of the grants, and (4) documents describing, showing, or relating to the rangers' internal audit report for the grants. (Doc. 188 at 3.)

AZR has filed a response to the motion while simultaneously bringing a Motion to Strike the request for sanctions. (Docs. 182, 184.) In its substantive response, AZR argues there is no grounds to sanction it as Movants request because it has complied with all its discovery obligations and no evidence was destroyed or otherwise lost. (Doc. 184 at 1-3.) Further, AZR argues that, as it has explained several times in this litigation, it has no control over documents or records retained by its individual volunteer members and cannot produce such materials. (*Id*. at 3.) Separate from its substantive response to the Motion for Spoliation, AZR also filed a Motion to Strike the request for sanctions as improper and untimely. (Doc. 182.) AZR argues (1) that the movants have failed to "meet and confer" as required by LRCiv. 7.2(j), (2) that the motion violates the Court's scheduling order by filing a "written discovery motion" without leave of the Court, and (3) that any request for discovery sanctions is untimely because the movants waited until well after the close of discovery. (Doc. 182.) The Movants responded arguing the Motion to Strike was not

permitted under LRCiv. 7.2(m) and that its Motion for Spoliation was not a "discovery motion." The Movants further argue they were not required to "meet and confer" with AZR under the Federal Rules of Civil Procedure. Finally, the Movants argue that the motion is not untimely because there is no requirement that a motion seeking spoliation sanctions be brought prior to the close of discovery. (Doc. 189.) The Court heard oral argument on both motions on April 6, 2021. (Doc. 212.) After hearing from both parties, the Court took both motions under advisement.

## II. LEGAL STANDARD

The deadline by which a party must file a motion for spoliation is a rather unsettled matter in this circuit.  Multiple courts have held a Motion for Spoliation untimely when a party raises it after the close of discovery. *See Mannion v. Ameri-Can Freight Sys.*, 2020 U.S. Dist. LEXIS 12695, at *9 (D. Ariz. 2020) ("Spoliation is a discovery offense, so issues surrounding alleged spoliation should be resolved during discovery—not on the eve of trial.") (quoting *Sherwood v. BNSF Ry. Co.*, 2019 U.S. Dist. LEXIS 33378, 2019 WL 1004563, *2 (D. Idaho 2019)); *accord EEOC v. Autozone, Inc.*, 2008 U.S. Dist. LEXIS 69472, at *16 (D. Ariz. 2008); *Rhabarian v. Cawley*, No. 10-cv-00767, 2014 U.S. Dist. LEXIS 17265, 2014 WL 546015, at *3 (E.D. Cal. 2014). Other courts permit parties to raise issues of spoliation after discovery has closed so long as the claim is raised "as soon as reasonably possible after [uncovering] the facts that underlie the motion." *See, e.g., Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305-6 (E.D. Cal. 2020) (quoting *Sherwin-Williams Co. v. JB Collision Services, Inc.*, No. 13-cv-1946-LAB-WVG, 2015 U.S. Dist. LEXIS 87439, 2015 WL 4077732, at *2 (S.D. Cal. 2015); *Montoya v. Orange County Sheriff's Dept.*, No. SACV 11-cv-1922-JGB-RNB, 2013 U.S. Dist. LEXIS 180682, 2013 WL 6705992, at *6 (C.D. Cal. Dec. 18, 2013)). However, even courts adopting this more flexible timeline have stated that spoliation motions are subject to chambers discovery rules and applicable deadlines. *See Mahboob v. Educ. Credit Mgmt. Corp.*, 2021 U.S. Dist. LEXIS 38309, at *4 (S.D. Cal. 2021) ("spoliation motions are subject to chambers discovery rules."); *Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10CV2133-GPC WVG, 2013

WL 2244333, at *16 (S.D. Cal. May 21, 2013) (rejecting a spoliation motion because it violated a chambers rule imposing a 30-day deadline to bring discovery disputes).

### III. ANALYSIS

The Court finds the Motion for Spoliation must be struck as untimely under either of the tests listed above. Under the strict bright line rule used by *Mannion*, *Sherwood*, *EEOC,* and *Rhabarian*, the Motion for Spoliation must be struck because Movants did not file the motion until after the close of discovery.

Even if the Court were to adopt the more permissive standard used in *Larios*, *Sherwin-Williams Co.*, *Montoya*, *Mahboob*, and *Cottle-Banks*, the result would not change. While these cases simply require spoliation be raised without "undue delay" and "as soon as reasonably possible," both *Mahboob* and *Cottle-Banks* indicate that such motions are still "subject to chambers discovery rules" and may be struck for failing to follow such procedures. *Mahboob*, 2021 U.S. Dist. LEXIS 38309, at *4; *Cottle-Banks*, 2013 WL 2244333, at *16 ("a discovery dispute must be filed 'within thirty (30) days' …[so] the Court alternatively denies the motion for spoliation as untimely.") As AZR argues, the CMO issued in this case required parties to seek leave of the Court before filing any written motion regarding a discovery dispute. (Doc. 22 at 4-5.) Further, the CMO stated that absent extraordinary circumstances, the Court would "not entertain fact discovery disputes after the deadline of fact discovery." (*Id*.)  Thus, even under the more permissive "undue delay" test, the Motion for Spoliation must be struck for its failure to abide by the rules and procedures of the CMO.

The Movants' response says little to counter this point. The majority of their response is dedicated to proving the Movants were not required "meet and confer" with AZR prior to bringing a Motion for Spoliation. To the extent the Movants address the timeliness issue, their response simply argues that AZR "cannot point to any rule requiring a spoliation motion…be brought prior to the close of discovery" and that a "[m]otion for [s]poliation is not a discovery dispute subject to discovery deadlines." (Doc. 189 at 3.) The cited caselaw demonstrates this contention is incorrect. *Mannion*, 2020 WL 417492, at *9

("Spoliation is a discovery offense…[and] should be resolved during discovery" (quoting *Sherwood*, 2019 WL 1004563, *2)); *EEOC v. Autozone, Inc.*, 2008 U.S. Dist. LEXIS 69472, at *16 (D. Ariz. 2008) ("AutoZone correctly notes that spoliation is a discovery offense."); *Rhabarian*, 2014 WL 546015, at *3 (E.D. Cal. 2014) ("the time to raise [Spoliation] was during discovery"); *Mahboob*, 2021 U.S. Dist. LEXIS 38309, at *4 ("spoliation motions are subject to chambers discovery rules."); *Cottle-Banks*, 2013 WL 2244333, at *16 (rejecting a spoliation motion because "a discovery dispute must be filed 'within thirty (30) days[.]'"). In light of these cases, the Court is confident that a Motion for Spoliation is subject to the Court's CMO provisions regarding discovery disputes. Because Movants request is prohibited by the CMO, the Motion for Spoliation and Sanctions will be struck. LRCiv. 7.2(m)

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that AZR's Motion to Strike the Motion for Spoliation and Sanctions, (Doc. 182), is granted.

Dated this 11th day of August, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge