Cory L. Braddock (#024668)
Amanda Z. Weaver (#034644)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
          aweaver@swlaw.com

*Attorneys for Wine Education Council and Grant
G. Winthrop*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>        Defendant. | No. CV-19-02235-PHX-SMB<br><br>**PLAINTIFF WINE EDUCATION COUNCIL'S AND THIRD-PARTY COUNTERCLAIMANT GRANT G. WINTHROP'S MOTION IN LIMINE NO. 2 (TO PRECLUDE EVIDENCE RE ARIZONA RANGERS AS LAW ENFORCEMENT)** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>        Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>        Third-Party Defendant/Counterclaimant. | (Oral Argument Requested)[1] |

---

[1] Pursuant to this Court's prior Order [Doc. 262], Wine Education Council and Mr. Winthrop will be prepared to address the merits of the Motion in Limine at the Final Trial Management Conference.

Plaintiff Wine Education Council ("WEC") and Third-Party Counterclaimant Grant G. Winthrop move in limine for an Order barring Defendant/Third-Party Cross-Defendant Arizona Rangers ("AZR") from representing, suggesting, or making reference to, during voir dire, opening or closing statement, during direct or cross-examination, or at any stage of trial, that AZR is a "law enforcement" or "law enforcement auxiliary" body, or that AZR or its members possess powers that law enforcement has, including by wearing AZR uniforms to trial or in the presence of jury members.

## I.    ANY SUGGESTION THAT AZR IS "LAW ENFORCEMENT" OR HAS LAW ENFORCEMENT POWER IS UNTRUE AND MUST BE EXCLUDED.

AZR is not law enforcement, nor is it a "law enforcement auxiliary." [Doc. 238 ¶ 5; *contra, e.g.*, Doc. 190 at 2:4-6.]   Instead, it is an "unpaid, noncommissioned civilian auxiliary that is available for the purpose of assisting and supporting law enforcement in this state." A.R.S. § 41-4201.   Crucially, the "Arizona rangers do ***not*** possess ***any*** law enforcement or investigative powers that are not provided or established in law for ***all citizens*** of this state."   *Id*. (emphases added).

Despite AZR's lack of any law enforcement or investigative powers beyond that of any other citizen, AZR and its members rely on law enforcement's imprimatur.   For example, Rangers' uniforms are incredibly similar to law enforcement. *See, e.g.*, **Ex. B**, at AZRANGERS 000281 (requiring uniform for State Annual General Membership meeting as "Class 'A' Black (Long or short sleeves) duty belt, with no less than dual retention holster"). [*See also* **Ex. A** (decl. of C. Braddock).]

Certain Rangers even include a signature on their emails stating "This email has been designated FOR OFFICIAL USE ONLY, IS CONFIDENTIAL, and may contain LAW ENFORCEMENT SENSITIVE INFORMATION.   It is provided for intelligence purposes only. Unauthorized use or disclosure of the information contained in this report may result in disciplinary action, termination of employment, and prosecution."   **Ex. C**, at

1  AZRANGERS 002375.  Even AZR's logo (and badge) itself incorporates the Great Seal of

2  Arizona.  *See, e.g.*, **Ex. D** at AZRANGERS 000244.[2]

3       AZR no doubt recognizes that law enforcement tends to be respected, and their

4  testimony seen as more credible by potential jurors.  *See, e.g.*, *Dorn v. Burlington N. Santa*

5  *Fe R.R. Co.*, 397 F.3d 1183, 1193 (9th Cir. 2005) (recognizing "the potential for jurors to

6  give 'undue weight to the testimony of law enforcement officers because of their official

7  positions' (quoting *Darbin v. Nourse*, 664 F.2d 1109, 1114-15 (9th Cir. 1981))); *United*

8  *States v. Baldwin*, 607 F.2d 1295, 1297-99 (9th Cir. 1979) (finding reversible error where

9  court refused to adequately pose questions in voir dire questions including whether any

10  prospective jurors would give greater or lesser weight to the testimony of a law enforcement

11  officer); *see also id.* at 1298 (examining factors recognizing potential for undue influence

12  of law enforcement testimony).

13       Permitting any suggestion that AZR has any law enforcement or investigative

14  powers beyond any other citizen would not only be in clear derogation of AZR's statutory

15  underpinnings, *see* A.R.S. § 41-4201, but in so doing would cause unfair prejudice to WEC

16  and Winthrop.  Any conceivable probative value of such suggestion—given its lack of

17  truth—or of AZR members wearing their uniforms to trial—would be significantly

18  outweighed by unfair prejudice.  *See, e.g.*, Fed. R. Evid. 403 ("The court may exclude

19  relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair

20  prejudice.").  This Court should preclude this bald attempt to capitalize on any juror

21  goodwill or respect for law enforcement.

22       In the alternative, if the Court allows AZR to wear uniforms to trial/in the presence

23  of the jury, or to otherwise suggest that AZR is a law enforcement agency, WEC and

24  Winthrop request a ruling confirming their ability to include appropriate questions

25

26  ---

26  [2] This is despite the fact that the Arizona Secretary of State has ***no*** records relating to AZR's

27  use of the state seal, *see* **Ex. E** at AZSOS000001-04—the entity responsible for approving
use of the Seal.  *See* A.R.S. § 41-130 ("A person may use, display or otherwise employ any

28  facsimile . . . or other resemblance of the great seal of this state only after obtaining the
approval of the secretary of state.").

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

regarding law enforcement in voir dire and jury instructions, and to put forth evidence and examine witnesses regarding AZR's use of law-enforcement-related insignia and other messaging. *See, e.g.*, **Ex. E** at AZSOS000004.[3]

## II.    CONCLUSION

For the foregoing reasons, WEC and Winthrop respectfully request entry of an Order prohibiting AZR from representing, suggesting, or making reference to, during voir dire, opening or closing statement, during direct or cross-examination, or at any stage of trial, that AZR is a "law enforcement" or "law enforcement auxiliary" body, or that AZR or its members possess powers that law enforcement has, including by wearing AZR uniforms to trial or in the presence of jury members.

In the alternative, WEC and Winthrop request appropriate voir dire questions, jury instructions, and leave to introduce evidence and elicit testimony, including **Exhibit D**, on AZR's use of law-enforcement-related insignia and other messaging.

DATED this 12th day of September, 2022.

SNELL & WILMER L.L.P.

By: _s/ Cory L. Braddock_
      Cory L. Braddock
      Amanda Z. Weaver
      One Arizona Center
      400 E. Van Buren, Suite 1900
      Phoenix, Arizona 85004-2202
      *Attorney for Wine Education Council*
      *and Grant G. Winthrop*

---

[3] WEC and Winthrop note that **Exhibit D** was only recently disclosed.  [*See* Doc. 263.] Given its disclosure following close of discovery, WEC and Winthrop therefore by this motion seek leave to use this information.  [Doc. 7-2 at comments to C.1.(h) ("There may be instances in which, after the deadline for final supplementation, new or additional information is discovered or revealed that would have required supplementation if the information had come to light before the deadline.").

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF Registrants.

*s/ Richard A. Schaan*

4869-5556-8433