Cory L. Braddock (#024668)
Amanda Z. Weaver (#034644)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
aweaver@swlaw.com

*Attorneys for Wine Education Council and Grant G. Winthrop*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>  Defendant. | No. CV-19-02235-PHX-SMB<br><br>**THIRD-PARTY COUNTERCLAIMANT GRANT G. WINTHROP'S MOTION IN LIMINE NO. 3 (TO PRECLUDE EVIDENCE RE WINTHROP'S PERSONAL FINANCIAL CIRCUMSTANCES)**<br><br>(Oral Argument Requested)[1] |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>  Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>  Third-Party Defendant/ Counterclaimant. | |

---

[1] Pursuant to this Court's prior Order [Doc. 262], Mr. Winthrop will be prepared to address the merits of the Motion in Limine at the Final Trial Management Conference.

Third-Party Counterclaimant Grant G. Winthrop moves in limine for an Order barring Defendant/Third-Party Counterdefendant Arizona Rangers ("AZR") from introducing evidence of, or making reference to, during voir dire, opening or closing statement, during direct or cross-examination, or at any stage of trial, Winthrop's personal financial circumstances. Such information is irrelevant and would be unfairly prejudicial with no probative value.

## I. WINTHROP'S FAMILY BACKGROUND DOES NOT BEAR ON THE ISSUES IN DISPUTE.

There are two parties with contractual claims[2] remaining in this matter: WEC and Winthrop. AZR does not have a basis for seeking to introduce evidence regarding Winthrop and his personal financial circumstances—this information has absolutely no relevance to whether AZR breached its contracts or duties of good faith and fair dealing or was unjustly enriched. *See, e.g.*, Fed. R. Evid. 401(b); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

And, even if Winthrop's background or financial circumstances were of some relevance, any minimal probative value would be substantially outweighed by the danger of unfair prejudice. *See, e.g.*, *Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DGC, 2019 WL 6698199, at *14 (D. Ariz. Dec. 9, 2019) ("The Court has difficulty seeing the relevancy of other evidence of Defendants' wealth, such as their net worth or lifestyle independent of the [transactions] alleged in the complaints, and thinks that such evidence would present a risk of unfair prejudice that would outweigh its marginal relevance.").

Indeed, Winthrop understands that AZR intends to highlight Winthrop's current unemployment status in emphasizing that Winthrop need not work due to his personal financial circumstances—again, in another bald attempt to alienate him from the jury, and to undercut Winthrop's remaining claim for breach of contract. However, the reason for

---

[2] The parties' remaining claims for relief for trial include a breach of the duty of good faith and fair dealing that is implied in every Arizona contract, and an alternative claim for unjust enrichment. [*See, e.g.*, Docs. 1, 123, 132, 232.]

- 1 -

Winthrop's current employment status *is* AZR's lawsuit *itself*. Indeed, Winthrop has not proceeded with obtaining his bar membership out of concern for the pending litigation.[3] AZR, having caused this situation with instituting this suit over three years ago [*see* Doc. 16 (filing third-party complaint against Winthrop)], cannot and should not be permitted to use its own actions as a benefit here.

Furthermore, any attempt to rely on Winthrop's personal financial circumstances in seeking to explain purchases, etc., would be impermissible character evidence. Fed. R. Evid. 404(a)(1). "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

## II.   CONCLUSION

For the foregoing reasons, Winthrop respectfully requests entry of an Order excluding evidence of, or making reference to, during voir dire, opening or closing statement, during direct or cross-examination, or at any stage of trial, Winthrop's personal financial circumstances.

DATED this 12th day of September, 2022.

SNELL & WILMER L.L.P.

By: *s/ Cory L. Braddock*
Cory L. Braddock
Amanda Z. Weaver
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorney for Wine Education Council and Grant G. Winthrop*

---

[3] Although this Court has ruled that "the inability of Mr. Winthrop to transfer his bar membership is unrelated to any 'reasonably expected benefit'" under his contract with AZR [Doc. 232 at 23], his inability to transfer his bar membership is merely a fact (even outside of a claim for damages, separated from a claim for damages), and one which AZR should not exploit, having caused it.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF Registrants.

*s/ Richard A. Schaan*

4866-5311-9793

- 3 -