Cory L. Braddock (#024668)
Amanda Z. Weaver (#034644)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
       aweaver@swlaw.com

*Attorneys for Wine Education Council and Grant G. Winthrop*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>    Defendant. | No. CV-19-02235-PHX-SMB<br><br>**PLAINTIFF WINE EDUCATION COUNCIL'S MOTION IN LIMINE NO. 3 (TO PRECLUDE ARGUMENT RE ILLEGALITY)**<br><br>(Oral Argument Requested)[1] |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>    Third-Party Defendant/ Counterclaimant. | |

---

[1] Pursuant to this Court's prior Order [Doc. 262], Wine Education Council will be prepared to address the merits of the Motion in Limine at the Final Trial Management Conference.

1  Plaintiff Wine Education Council ("WEC") moves in limine for an Order barring
2  Defendant Arizona Rangers ("AZR") from representing, suggesting, making reference to,
3  arguing, or seeking a ruling, during voir dire, opening or closing statement, during direct or
4  cross-examination, or any at stage of trial, that the Grants or any restrictions therein were
5  "illegal."

## I.  ANY SUGGESTION THAT THE GRANTS WERE ILLEGAL HAS BEEN (MORE THAN) FULLY BRIEFED, RULED UPON, AND MUST BE EXCLUDED.

Counsel for the parties met and conferred in person per this Court's Order. [Doc. 262.] Counsel had a productive discussion, and pursuant to this Court's Order [*id*.], will be filing the results of the agreements so they can be enforced at trial. However, following that in-person conferral, AZR indicated that it intends to admit paperwork associated with the Grants, in "argu[ing] to the Judge that as these facts present themselves" that the Court "should rule that such restrictions were illegal." **Ex. B**. *See also* **Ex. A** (decl. C. Braddock). When asked for the basis in trying to renew a fully briefed ruling, AZR did not respond and AZR has not set forth a basis for being permitted to seek reconsideration of the Court's Order through this motion in limine. **Ex. A ¶ 7**. Regardless, AZR's intent to renew a twice-failed argument should be prohibited, both under the law of the case, and to prevent wasting this Court's and the Jury's time.

First, AZR's incomprehensible position asks for this Court to revisit a nine-page ruling it made following not one, but ***two*** motions for summary judgment on illegality, with the relevant facts and law before the Court at that time. [Docs. 244-46, 252-55, 257-58; *see also* Doc. 254 at 1 (identifying that this Court's prior contemplation that ***only*** WEC move for summary judgment, notwithstanding AZR's accompanying motion).] The law of the case is that "there is absolutely no support in the law for AZR's illegality defense, [and] the Court must reject it." [Doc. 259 at 7 (Order on Mots. for Summary J.).]

"Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation marks and citation

- 1 -

omitted). Failure to apply the doctrine is an abuse of discretion unless: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Id*. WEC knows of no intervening change in the law that has occurred, there is no remand to contend with, and no other changed circumstances exist. As for the first decision being "clearly erroneous" or would otherwise result in a "manifest injustice," AZR has not argued this nor appears to take this position—furthermore, if it truly believed either of these situations to be the case, has not filed a motion for reconsideration in the nearly two months following this Court's Order. [Doc. 259.] This Court's prior Order is the law of the case, and no permissible reasons exist for this ruling to be revisited.

<u>Second</u>, WEC and Winthrop incorporate WEC's arguments in its Motion for summary judgment, and in response to AZR's Motion for summary judgment on illegality, in establishing—yet again—how AZR's position on seeking a ruling on illegality is inappropriate and contrary to law.

<u>Third</u>, even if AZR has since manufactured a new argument on the mechanics of the Grants and how those purportedly violate IRS provisions, the fact remains that "the imposition of taxes on a charitable donation does not, without more, mean that the underlying agreement is for an illegal purpose or against public policy." [Doc. 259 at 6 (Order on Mots. for Summary J.).]

<u>Fourth</u>, and finally, AZR re-arguing its failed motion to the Court—during trial, and especially without the benefit of briefing and relevant case law for the Court's consideration—is a colossal waste of this Court's and the Jury's time. This attempt for a second bite at the apple will eat up already precious trial time for an issue that has been extensively briefed and decided (and for which this Court determined that oral argument was not necessary). AZR's intent to reargue its failed motion for summary judgment should be precluded under Rule 403. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . wasting time . . . .").

## II. CONCLUSION

For the foregoing reasons, WEC respectfully requests entry of an Order prohibiting AZR from representing, suggesting, making reference to, arguing, or seeking a ruling, during voir dire, opening or closing statement, during direct or cross-examination, or any stage of trial, that the Grants or any restrictions therein were "illegal."

DATED this 12th day of September, 2022.

SNELL & WILMER L.L.P.

By: *s/ Cory L. Braddock*
Cory L. Braddock
Amanda Z. Weaver
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorney for Wine Education Council and Grant G. Winthrop*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF Registrants.

*s/Emily Dalton*

4859-5958-6610