```
1   Donald L. Myles, Jr., Bar #007464
    Clarissa B. Reiman, Bar #020271
2   Justin M. Ackerman, Bar #030726
    JONES, SKELTON & HOCHULI, P.L.C.
3   40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
4   Telephone:  (602) 263-1700
    Fax:  (602) 200-7842
5   dmyles@jshfirm.com
    creiman@jshfirm.com
6   jackerman@jshfirm.com

7   Attorneys for Defendant/Third-Party Plaintiff
    Arizona Rangers
8
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>　　　　　　　　　　　Defendant. | NO. 2:19-cv-02235-PHX-SMB<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ARIZONA RANGERS' RESPONSE TO PLAINTIFF AND THIRD-PARTY COUNTERCLAIMANT'S MOTION IN LIMINE NO. 1 (TO PRECLUDE EVIDENCE RE EXPENDITURES NOT IN DISPUTE)** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>　　　　　　　Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>　　　　　　　Third-Party Defendant. | |

　　　　Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") responds to Motion in Limine No. 1 (to Preclude Evidence Re Expenditures Not in Dispute) filed by Plaintiff Wine Education Council ("WEC") and Third-Party Counterclaimant Grant Winthrop ("Winthrop"). AZR requests that this Court deny this motion because, contrary to WEC and Winthrop's assertions, evidence of how, when and where the grant funds were

spent, is necessary for the jury (1) to assess Winthrop's credibility as a witness and (2) to determine the validity of the grants and the recovery clause. Such evidence, therefore, is relevant and has probative value that greatly outweighs any prejudicial effect.

## I. EVIDENCE OF HOW, WHEN AND WHERE THE GRANT FUNDS WERE SPENT IS RELEVANT

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *See* FRE 401.

### A. How, when and where the grant funds were spent is relevant in assessing Winthrop's credibility as a witnesses.

WEC and Winthrop specifically seek to exclude those expenses which Winthrop attributes to fundraising. Such expenses include extravagant dinners and lunches at expensive restaurants like Spago's, Mastro's, Patina, and The Capital Grill, lodging at a luxury hotel in Pasadena, California, the rental of a private airplane, purchase of expensive hats, and visits at the Scottsdale Gun Range all totaling approximately $37,605. *See Report by Steve Lant and Steve Koons,* dated April 25, 2018, attached as **Exhibit A**, p. 25. Although Winthrop claims such expenses were strictly for fundraising that enabled him to raise money for the East Valley Company, there is evidence that proves otherwise. For instance, according to Winthrop, on October 1, 2017, he along with 3 other people; a personal friend of his and two AZ Rangers, visited California specifically to recruit donors for AZR. During this trip, they spent $18,187 to charter a private plane, stayed at the luxury Langham hotel, and spent thousands of dollars dining at Spago's and Patina. *See id.* According to Winthrop, this was to get donations from potential donors. He even testified during his deposition that he was able to secure $30,000 in donations from Drs. Goodman and Hallert. *See Deposition of Grant Winthrop*, dated September 4, 2020, attached as **Exhibit B** pp. 111-122. However, the $30,000 donation to which Winthrop refers, did not come from Drs. Goodman and Hallert as claimed by Winthrop, but actually came from the

funds he had donated to the American Endowment Foundation ("AEF").[1]  *See Recommendation Submission,* dated on August 16, 2017, attached as **Exhibit C**. Despite Winthrop's claim that spending grant funds on expensive hats, lavish dinners, and a private plane brought donations from private donors to AZR, there is no evidence that Drs. Goodman and Hallert or any other individuals ever made donations to AZR.

### B. How, when and where the grant funds were spent is also relevant in proving whether the grants and the recovery clause are valid.

According to Michelle Hoza, AEF's representative, once a donor donates funds to AEF, the donor receives an immediate charitable tax deduction. *See Deposition of Michelle Hoza,* **Exhibit D**, pp 10-15.  Also, while the funds now belong to AEF, the donor retains granting privileges meaning he or she can recommend a charity to donate funds. *See id.* That donor, however, is prohibited from receiving anything other than an incidental benefit from any donation he or she recommends. *See id.*

In this case, Winthrop recommended to AEF that donations be made to the "East Valley Troop" which according to WEC and Winthrop "is presently composed of one associate Ranger and two Associate Rangers applicants, respectively: Grant Winthrop, Vance Ownbey and Peter Steinmetz. Winthrop, however, was the only "Troop" member given that neither Ownbey nor Steinmetz ever went through AZR's application process and Winthrop was the only one who became an associate ranger. Since Winthrop, as the only "Troop" member, was the only one receiving and spending the grant funds that were designated to the "Troop" and all items purchased from the "Troop" belonged to Winthrop and not to the East Valley Company or AZR, he was receiving more than an incidental benefit. This is prohibited by AEF rendering the grants and the recovery clause invalid.

Because evidence of how, when and where the grant funds were spent is necessary

---

[1] Winthrop donated money to AEF in exchange for an immediate charitable tax deduction. The money became AEF's money but Winthrop retained the right to recommend that AEF donate money to certain organizations. As long as that organization was a 501(c)(3) organization and as long as Winthrop did not receive a personal benefit greater than an incidental benefit from that donation, the donation was a proper and legal donation.

11000739.1

for the jury to assess Winthrop's credibility as a witness and to show that the grants and the recovery clause are invalid, such evidence is relevant and has probative value that greatly outweighs any prejudicial effect.

## II. CONCLUSION

Accordingly, AZR requests that this court deny WEC and Winthrop's Motion in Limine No. 1 (to Preclude Evidence Re Expenditures Not in Dispute) and allow AZR to present evidence regarding how, when and where the grant funds were spent.

DATED this 26th day of September, 2022.

JONES, SKELTON & HOCHULI, P.L.C.

By _____
Donald L. Myles, Jr.
Clarissa B. Reiman
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant/Third-Party Plaintiff Arizona Rangers

4

11000739.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Cory L. Braddock
Amanda Z. Weaver
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Ste. 1900
Phoenix, AZ 85004-2202
cbraddock@swlaw.com
aweaver@swlaw.com
Attorneys for Plaintiff Wine Education Council and Third-Party Defendant Grant G. Winthrop

Jared Simmons
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
jared@sglawaz.com
Attorneys for Defendant/Third-Party Plaintiff Arizona Rangers

*/s/Rachel Barajas*

5

11000739.1