Donald L. Myles, Jr., Bar #007464
Clarissa B. Reiman, Bar #020271
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7842
dmyles@jshfirm.com
creiman@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant/Third-Party Plaintiff
Arizona Rangers

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>　　　　　　　　　　　　Defendant. | NO. 2:19-cv-02235-PHX-SMB<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ARIZONA RANGER'S RESPONSE TO PLAINTIFF AND THIRD-PARTY COUNTERCLAIMANT'S MOTION IN LIMINE NO. 2 (TO PRECLUDE EVIDENCE RE ARIZONA RANGERS AS LAW ENFORCEMENT)** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>　　　　　　　　　Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>　　　　　　　　　Third-Party Defendant. | |

Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") responds to Motion in Limine No. 2 (to Preclude Evidence Re Arizona Rangers as Law Enforcement) filed by Plaintiff Wine Education Council ("WEC") and Third-Party Counterclaimant Grant G. Winthrop ("Winthrop"). WEC and Winthrop's motion should be denied because contrary

11000740.1

to their assertion, AZR is a statutorily recognized law enforcement auxiliary. Also, any claim of prejudice by WEC and Winthrop is without merit.

**I.    AZR IS A STATUTORILY RECOGNIZED LAW ENFORCEMENT AUXILLARY.**

A.R.S. § 41-4201 states (***emphasis added***):

> The Arizona rangers are an unpaid, noncommissioned civilian ***auxiliary*** that is ***available for the purpose of assisting and supporting law enforcement*** in this state. The Arizona rangers do not possess any law enforcement or investigative powers that are not provided or established in law for all citizens of this state. ***Law enforcement support and assistance services are provided*** on the request of, and ***under the direction, control and supervision of, established law enforcement officials or officers***.

Under to A.R.S. § 41-4201, the Arizona legislature expressly recognizes AZR as a law enforcement auxiliary and bestows the members of AZR authority to act as law enforcement support and assistance under the direction, control and supervision of the Sheriff's department or the police department. Thus, contrary to WEC and Winthrop's assertion, the members of AZR are authorized to send emails stating "FOR OFFICIAL USE ONLY, IS CONFIDENTIAL, and may contain LAW ENFORCEMENT SENSITIVE INFORMATION." Also, they are authorized to wear uniforms that sets them apart from the general public while they provide law enforcement support and assistance to Arizona law enforcement officials. Since their establishment in 1901, they have been wearing their uniforms out in public while acting as security officers and assisting Arizona law enforcement departments. Thus, contrary to WEC and Winthrop's claim, they will not be falsely misrepresenting themselves to the jury by wearing their uniforms at trial.

///

///

///

11000740.1

## II. WEC AND WINTHROP'S CLAIM OF PREJUDICE IS WITHOUT MERIT

WEC and Winthrop claim that they will be prejudiced if AZR witnesses are allowed to wear their uniforms at trial. This is without any merit. First, police officers, paramedics, and fire fighters are all allowed to wear their uniforms at trial without any prejudice to the parties, the same should apply to AZR witnesses. Second, even if it were prejudicial for AZR witnesses to wear their uniforms at trial, any prejudicial effect is greatly outweighed by its probative value. It is important for AZR witnesses to wear their uniforms and discuss what they do, because this will allow the jury to see what an AZR member looks like and what it is that AZR does for the public. Third, WEC and Winthrop can question potential jurors during voir dire on this particular issue to alleviate any potential prejudice. *See Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Circ 1981) ("The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice."). Fourth, WEC and Winthrop can advise the jury during closing argument that an AZR witness' testimony does not necessarily have more weight than that of a civilian witness' testimony. Finally, they can cross-examine the AZR witness and specifically ask that witness about their work as an AZR member.

What WEC and Winthrop cannot do, but propose that they be allowed to do, is submit jury instructions to address their concerns of any bias they believe arises out of AZR wearing their uniforms. Jury instructions are to provide the jury with the law applicable to the claims and defenses asserted in the case, not to address bias or prejudice. *See State v. Miller*, 226 Ariz. 190, 192, 245 P.3d 454, 456 (App. 2011, quoting *State v. Noriega*, 187 Ariz. 282, 284, 928 P.2d 706, 708 (App.1996) ("The purpose of jury instructions is to inform the jury of the applicable law in understandable terms.") Because AZR is a statutorily recognized law enforcement auxiliary and no prejudice exists by allowing AZR to attend trial in their uniforms, AZR should be allowed to wear their uniforms at trial and advise the jury what it is they do.

11000740.1

### III. CONCLUSION

Accordingly, AZR requests that this Court deny WEC and Winthrop's Motion in Limine No. 2 (to Preclude Evidence Re Arizona Rangers as Law Enforcement) and allow AZR witnesses to wear their uniforms at trial and discuss what it is they do for the public and Arizona's law enforcement officials.

DATED this 26th day of September, 2022.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/
Donald L. Myles, Jr.
Clarissa B. Reiman
Justin M. Ackerman
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant/Third-Party
Plaintiff Arizona Rangers

4

11000740.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Cory L. Braddock
Amanda Z. Weaver
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Ste. 1900
Phoenix, AZ 85004-2202
cbraddock@swlaw.com
aweaver@swlaw.com
Attorneys for Plaintiff Wine Education Council and Third-Party Defendant Grant G. Winthrop

Jared Simmons
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
jared@sglawaz.com
Attorneys for Defendant/Third-Party Plaintiff Arizona Rangers

*/s/Rachel Barajas*

11000740.1