Donald L. Myles, Jr., Bar #007464
Clarissa B. Reiman, Bar #020271
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7842
dmyles@jshfirm.com
creiman@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant/Third-Party Plaintiff
Arizona Rangers

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>                      Defendant.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>                  Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Grant G. Winthrop, an individual,<br><br>                  Third-Party Defendant. | NO. 2:19-cv-02235-PHX-SMB<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ARIZONA RANGER'S RESPONSE TO PLAINTIFF WINE EDUCATION COUNCIL'S MOTION IN LIMINE NO. 3 (TO PRECLUDE ARGUMENT RE ILLEGALITY)** |

Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") responds to Motion in Limine No. 3 (to Preclude Argument Re Illegality) filed by Plaintiff Wine Education Council ("WEC"). Because this Court has not yet decided whether or not the "Troop" was a recognized 501(c)(3) organization entitled to receive grant funds, AZR is not precluded

11000741.1

from presenting its illegality argument as it applies to the "Troop."

## I. AZR IS ENTITLED TO ARGUE ILLEGALITY OF THE GRANTS AS IT RELATES TO THE "TROOP"

As this Court knows, AZR filed a motion for summary judgment asserting that, pursuant to Internal Revenue Code § 4966(c)[1], the grants were illegal since the grants were issued to the East Valley Company, General Counsel, and/or "Troop", entities that are not 501(c)(3) organizations. This Court denied that motion ruling as follows (*emphasis added*):

> AZR's argument that the ***East Valley Company is not a public charity is nonsensical***. Despite how the Grant letters described the East Valley Company, the ***East Valley Company is clearly a part of AZR, a non-profit organization***. ***Simply because the Grant letters defined the East Valley Company differently does not render the Grants as being for an illegal purpose or against public policy***. Accordingly, AZR's illegality defense fails as a matter of law.

*See* Court Order (Doc 259). WEC now argues that because AZR already sought summary judgment on the illegality issue, AZR is precluded from eliciting testimony on and rearguing this issue at trial. WEC's argument, however, fails as a matter of law.

This Court determined only that because the East Valley Company was part of AZR,

---

[1] Internal Revenue Code § 4966(c) provides as follows:
(c) Taxable distribution.--For purposes of this section--
(1) In general.--The term "taxable distribution" means any distribution from a donor advised fund--
(A) to any natural person, or
(B) to any other person if--
(i) such distribution is for any purpose other than one specified in section 170(c)(2)(B), or
(ii) the sponsoring organization does not exercise expenditure responsibility with respect to such distribution in accordance with section 4945(h).
(2) Exceptions.--Such term shall not include any distribution from a donor advised fund--
(A) to any organization described in section 170(b)(1)(A) (other than a disqualified supporting organization)
26 U.S.C.A. § 4966(c).

2

a recognized 501(c)(3) organization, the grants issued to the East Valley Company were legal. This Court, however, never ruled on whether the "Troop" was a recognized 501(c)(3) organization entitled to receive grants. While the East Valley Company is a part of AZR, the "Troop," which received the majority of the grant funds, is not and never was a part of AZR. The "Troop" was an entity entirely fabricated by Winthrop as being "composed of one associate Ranger and two Associate Rangers applicants, respectively: Grant Winthrop, Vance Ownbey and Peter Steinmetz." Since neither Ownbey nor Steinmentz ever completed the application process, the "Troop" was actually just Winthrop himself. The "Troop" is also not recognized under AZR's by-laws, rules and regulations, or by AZR's board of directors or board of governors. The "Troop," aka Winthrop, therefore, was never a part of AZR nor an independent 501(c)(3) organization authorized to receive grant funds. The issuance of grants to the "Troop" was a vehicle Winthrop used to receive a personal benefit, which he knew was prohibited by law. As a matter of law and public policy, AZR should be allowed to elicit testimony, present evidence and argue that such grants issued to the "Troop" were illegal.

## II.    CONCLUSION

Accordingly, WEC's Motion in Limine No. 3 (to Preclude Argument Re Illegality) should be denied and AZR should be allowed to question any witness or present any evidence on the illegality issue and renew this argument at trial.

11000741.1

1   DATED this 26th day of September, 2022.

2                                                JONES, SKELTON & HOCHULI, P.L.C.

3

4   By _____
    Donald L. Myles, Jr.
5   Clarissa B. Reiman
    Justin M. Ackerman
6   40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
7   Attorneys for Defendant/Third-Party
    Plaintiff Arizona Rangers

4

11000741.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Cory L. Braddock
Amanda Z. Weaver
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Ste. 1900
Phoenix, AZ 85004-2202
cbraddock@swlaw.com
aweaver@swlaw.com
Attorneys for Plaintiff Wine Education Council and Third-Party Defendant Grant G. Winthrop

Jared Simmons
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
jared@sglawaz.com
Attorneys for Defendant/Third-Party Plaintiff Arizona Rangers

/s/Rachel Barajas

5

11000741.1