1  Cory L. Braddock (#024668)
   Amanda Z. Weaver (#034644)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
4  Telephone: 602.382.6000
   Facsimile: 602.382.6070
5  E-Mail: cbraddock@swlaw.com
           aweaver@swlaw.com
6
   *Attorneys for Wine Education Council and Grant*
7  *G. Winthrop*

8                    **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE DISTRICT OF ARIZONA**

10

11  Wine Education Council, a Delaware non-
    profit corporation,                          No. CV-19-02235-PHX-SMB
12
                     Plaintiff,                   **RESPONSE TO MOTION IN**
13                                                **LIMINE NO. 1 RE: EVIDENCE,**
         v.                                       **FACTS, TESTIMONY AND**
14                                                **ARGUMENT CONTRADICTING**
    Arizona Rangers, an Arizona non-profit        **FACTS AND CONCLUSIONS OF**
15  corporation,                                  **LAW WHICH THIS COURT HAS**
                                                  **ALREADY RECOGNIZED AS**
16                   Defendant.                   **UNDISPUTED**

17

18  Arizona Rangers, an Arizona non-profit
    corporation,
19
                     Defendant/Third-Party
20                   Plaintiff,

21       v.

22  Grant G. Winthrop, an individual,

23                   Third Party-
                     Defendant/Counterclaimant.

24

25

26

27

28

4863-2447-2884

1    The Arizona Rangers ("AZR") misapprehend the applicability of Rule 56(g), Fed.

2    R. Civ. P., and seek to shoehorn this rule into an argument that instead, in a best-case

3    scenario, requests this Court to apply the already-applicable law of the case. *See, e.g.*,

4    *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). In the worst-case scenario,

5    AZR asks this Court to re-invest *significant* time and effort to reconsider factual rulings

6    that the Court expressly left to the jury, in controverting the primary purpose of Rule 56(g).

7    AZR's Motion must be denied.

8    **I.    THE PLAIN TEXT AND INTENT OF RULE 56(g) MANDATES ITS**

9    **INAPPLICABILITY HERE.**

10    Rule 56(g) is a discretionary rule that allows a court—at the motion for summary

11    judgment stage—to enter specific findings as established for trial. Specifically, "[i]f the

12    court does not grant all the relief requested by the motion, it *may* enter an order stating any

13    material fact — including an item of damages or other relief — that is not genuinely in

14    dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g) (emphasis

15    added). Rule 56(g) therefore contemplates a separate process beyond an order on parties'

16    motions for summary judgment in the ordinary course. *See, e.g.*, *United States v. Town of*

17    *Colorado City, Ariz.*, No. 3:12-CV-8123-HRH, 2015 WL 3774315, at *9 (D. Ariz. June 17,

18    2015) ("declin[ing] to enter a separate Rule 56(g) order" in order on motions for summary

19    judgment); *see also, e.g.*, Rule 56. Summary Judgment, 2 Federal Rules of Civil Procedure,

20    Rules and Commentary Rule 56 ("Rule 56(g) contemplates a two-step process," and

21    describing steps, beginning with denying summary judgment).

22    AZR is not entitled to a Rule 56(g) ruling: "No party has a procedural entitlement to

23    have facts established by order." Rule 56. Summary Judgment, 2 Federal Rules of Civil

24    Procedure, Rules and Commentary Rule 56. ("The trial court may conclude that trial is a

25    better or more cost-effective way of ultimately resolving those facts even if, technically,

26    they could be established by order based on the summary-judgment record.").

27    Indeed, Rule 56(g) is intended to simplify and consolidate issues for trial, and AZR's

28    present Motion in fact does the ***opposite***, by asking the Court to reinvest significant time

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

- 1 -

1    and effort in revisiting its already-made decisions on the factual record.  "Rule 56(g) allows

2    the court to streamline the future proceedings as to claims that survive summary judgment

3    by entering an order stating that a fact is not genuinely disputed and will be treated as

4    established for later pretrial purposes and for trial."  *Id*.  Once a court has so established,

5    "those facts need not be revisited in later proceedings."  *Id*.  Indeed, the "primary purpose"

6    of this discretionary option under Rule 56(g) "is to salvage some results from the effort

7    involved in the denial of a motion for summary judgment."  Wright & Miller, 10B Fed.

8    Prac. & Proc. Civ. § 2737 (4th ed.).  Here, AZR instead asks the Court to revisit factual

9    issues briefed, argued, and decided ***over a year ago***.  Such additional effort is the opposite

10   of streamlining the Court's effort.  Rather, it duplicates the Court's effort, for no additional

11   benefit.  This Court should rightly decline to do so.

12        To be sure, the two Orders that AZR cites do not even contain express factual

13   findings upon which the Court could rely.  (*See generally* Docs. 228 and 232.)  Instead, this

14   Court ***explicitly*** left factual issues to the jury in the Order that AZR cites in its Motion (Doc.

15   232).  Specifically, the Court found as to WEC, "[i]n considering all the surrounding

16   circumstances," "that WEC has presented specific evidence on the record by which a ***jury***

17   could find the remaining grants were made subject to an oral term incorporating the Letter's

18   recovery clause into the other grants.  (*Id*., Order on Mots. for Summ. J., at 9 (emphasis

19   added).)   And, as to Winthrop, the Court found "no similar agreement setting the date

20   reimbursement was first authorized, and as such, ***leaves the evidence to the jury***."  (*Id*.,

21   Order on Mots. for Summ. J., at 21 (emphasis added).)  In so expressly reserving factual

22   issues for the jury, the Court made its decision on the scope of issues for trial, and AZR's

23   Motion should be denied in seeking the Court to reconsider whether to weigh in on factual

24   findings.

25        AZR also failed to present an enforceable proposed Order (*contra* Doc. 262 at 3), or

26   even one that provides any guidance to the Court, given that its bullet points are unrelated

27   to the factual issues at trial.  Far from providing facts that it contends should be established

28   as undisputed, it provides just three exemplars of procedural and/or legal rulings, the latter

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

- 2 -

1   two of which are the law of the case. (*See, e.g.*, Doc. 272 at 1-2 (explaining law of the case

2   as to this Court's illegality ruling).)  Crucially, the only examples that AZR provides in

3   support of its motion—which, on their face, are clearly not facts, and are instead legal

4   conclusions and therefore the law of the case:

5   - As to the first proposition: WEC and Winthrop do not intend to bring in the

6   procedural history undergirding the Court's Minutes concerning the "claims

7   of misappropriation or misconduct involving the grant funds." (Doc. 228.)

8   WEC and Winthrop both take the position, of course, that AZR's refusal to

9   abide by the Grant terms by complying with the Turnover Provision, which

10   required AZR to **return** the leftover funds and equipment. Refusing to return

11   the funds and equipment is, of course, a misuse of the parties' agreed-upon

12   terms.  But beyond this, WEC and Winthrop do not intend to address the focus

13   of AZR's statement here.

14   - As to the second proposition:  WEC and Winthrop understand this to be a

15   legal conclusion in this Court's Order (Doc. 232) and do not intend on asking

16   this Court to revisit it, as it is the law of the case. (*See, e.g.*, Doc. 272 at 1-2.)

17   - As to the third proposition:  WEC and Winthrop understand this to also be a

18   legal conclusion in this Court's Order (Doc. 232) and do not intend on asking

19   this Court to revisit it, as it is the law of the case. (*See, e.g.*, Doc. 272 at 1-2.)

20   Finally, AZR claims that WEC's and Winthrop's "presenting any testimony, facts,

21   exhibits or argument that would" be "contrary to this Court's previous rulings" would be

22   irrelevant and unfairly prejudicial, misleading, and confusing to the jury.  Fed. R. Evid. 401,

23   403.  AZR does not explain how this would be the case. Thus, the Court should not credit

24   AZR's statement.

25   **II.   CONCLUSION**

26   For the foregoing reasons, WEC and Mr. Winthrop respectfully request that this

27   Court deny AZR's Motion in Limine No. 1.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

- 3 -

4863-2447-2884

1    DATED this 26ᵗʰ day of September, 2022.

2                                              SNELL & WILMER L.L.P.

3

4                                        By: *s/ Amanda Z. Weaver*
                                             Cory L. Braddock
5                                            Amanda Z. Weaver
                                             One Arizona Center
6                                            400 E. Van Buren, Suite 1900
                                             Phoenix, Arizona 85004-2202
7                                            *Attorney for Wine Education Council*
                                             *and Grant G. Winthrop*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

4863-2447-2884

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022 I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*s/  Pati Zabosky*

4863-2447-2884