Cory L. Braddock (#024668)
Amanda Z. Weaver (#034644)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
        aweaver@swlaw.com

*Attorneys for Wine Education Council and Grant G. Winthrop*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>         Plaintiff,<br><br>   v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>         Defendant. | No. CV-19-02235-PHX-SMB<br><br>**RESPONSE TO MOTION IN LIMINE NO. 2 RE: ALLEGATIONS OF DESTRUCTION OF EVIDENCE** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>         Defendant/Third-Party Plaintiff,<br><br>   v.<br><br>Grant G. Winthrop, an individual,<br><br>         Third Party-Defendant/Counterclaimant. | |

4894-7577-2212

The Arizona Rangers ("AZR") protest too much. AZR's Motion in Limine No. 2 is rife with mischaracterizations designed to distract from the core issues that (1) the Court contemplates the existence of oral conditions; (2) the parole evidence and evidence of the oral conditions surrounding the terms of the Grants no longer exist, and (3) AZR witnesses have a failure of memory for the main issue at trial as to the terms of the Grants themselves. The jury is entitled to know about documents no longer in existence given their centrality to the terms of the contracts at issue in the case, and jury members can draw whatever inference from this fact—as they are entitled to do from any piece of evidence. The Court should deny AZR's Motion.

## I. THE JURY IS ENTITLED TO KNOW ABOUT THE MEETING MINUTES UNDERLYING WEC'S CLAIMS.

AZR'S hyperbolic motion badly misstates the record. <u>First</u>, AZR's Motion surmises that "WEC presumably intends on soliciting outside evidence and testimony to add additional terms to the grants beyond their plain language." (Doc. 265 at 1.) This puzzling statement ironically[1] ignores that the Court expressly found in its Order on Summary Judgment (Doc. 232; *see also* n.1, *supra*) that "the grant contracts may be unintegrated and subject to an oral condition incorporating the 'turnover provision' of the Letter into the other grants." (Doc. 232 at 9.) This Court further stated that, "[i]n considering all the surrounding circumstances, the Court finds that WEC has presented specific evidence on the record by which a jury could find the remaining grants were made subject to an oral term incorporating the Letter's recovery clause into the other grants." (*Id.*)

The oral term/condition related to the Recovery Clause stems from Winthrop's understanding that the Recovery Clause would extend to **all** Grants at issue in this case, following discussion and agreement among the Development Committee and the East Valley Company's Commander and AZR's legal liaison. (*See* Doc. 178 at 2.) These conversations were memorialized in meeting minutes that AZR's bylaws required it to

---

[1] *See generally* Doc. 264, AZR's Mot. in Limine No. 1 (seeking a ruling upholding "this Court's determinations made in its Summary Judgment Orders," including Doc. 232).

- 1 -

maintain. (*Id.*; *see also id.* at 2 n.3.) These meeting minutes are now missing (*see id.* at 7), and Rangers now claim that they cannot recall these discussions (*see id.* at 2 n.3). Eliciting testimony regarding AZR's knowledge of the oral terms surrounding the Grants is not unfairly prejudicial to AZR—it goes straight to the heart of WEC's case and the evidence it is entitled to present to meet its burden. AZR, after not preserving records it was obligated to keep, now works to benefit by directly preventing WEC and Winthrop from presenting all available and relevant evidence to the jury—contrary to AZR's claim of irrelevance under Rule 401. (Doc. 265 at 2.)

Second, neither WEC nor Winthrop has requested a spoliation instruction at this juncture. WEC and Winthrop seek only to elicit relevant evidence to prove their claims at trial. *See, e.g.*, *Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." (quoting *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993))). As such, WEC and Winthrop are not reurging their prior Motion on spoliation, which leaves this situation outside of Rule 37(e), Fed. R. Civ. P.

Third, even if WEC's prior Motion on spoliation were relevant (it is not), AZR miscasts WEC's prior Motion on spoliation (Docs. 178, 188) as somehow decided on the merits—it was not. AZR claims WEC's spoliation motion was "extensively briefed" (Doc. 265 at 1), and that, "[a]fter reviewing" "argument why any kind of spoliation type argument . . . is entirely improper and unjustified," "this Court outright denied WEC's request for a spoliation instruction." (*Id*. at 1-2.) But as the Court is well aware, this Court did ***not*** rule on the substance of WEC's motion for spoliation and sanctions, and instead granted AZR's motion to strike at that time. AZR's insinuation that WEC's significant production of evidence surrounding spoliation has been considered and decided is false and misleading.

Fourth, in straining to demonstrate unfair prejudice under Rule 403, AZR claims wildly that (1) "WEC/Winthrop cannot point to any facts in the records, beyond ***rank*** speculation," of willful destruction of documents; (2) "such argument [is] based on literally

- 2 -

nothing other than speculation"; and (3) "WEC/Winthrop have zero evidence." (Doc. 265 at 2-3 (emphasis original).)  Perhaps AZR thinks that by ignoring WEC's and Winthrop's Motion for Spoliation and Sanctions, all 212 pages of exhibits supporting the moving parties' positions disappear, leaving no evidence behind.  But saying it does not make it so.

<u>Fifth</u>, and finally, AZR claims—without explanation—that "any inference derived from these documents would be inadmissible hearsay under Fed. R. Evid. 801." (Doc. 265 at 3.)  But that is ***not*** the definition of hearsay, which is a "statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Allowing the jury to come to its own conclusion about the content of meeting minutes is not hearsay.  Furthermore, even if the minutes somehow did meet the definition of hearsay here, meeting minutes are exempted from the rule against hearsay—they are records of a regularly conducted activity.  Fed. R. Evid. 801(6).  This strained argument fails also.

## II.   CONCLUSION

For the foregoing reasons, WEC and Mr. Winthrop respectfully submit that this Court should deny AZR's Motion in Limine No. 2.


DATED this 26th day of September, 2022.

                                    SNELL & WILMER L.L.P.


                              By: *s/ Amanda Z. Weaver*
                                    Cory L. Braddock
                                    Amanda Z. Weaver
                                    One Arizona Center
                                    400 E. Van Buren, Suite 1900
                                    Phoenix, Arizona 85004-2202
                                    *Attorney for Wine Education Council and Grant G. Winthrop*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022 I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*s/ Pati Zabosky*

- 4 -

4894-7577-2212