Donald L. Myles, Jr., Bar #007464
Clarissa B. Reiman, Bar #020271
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7842
dmyles@jshfirm.com
creiman@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant/Third-Party Plaintiff
Arizona Rangers

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>                                    Plaintiff,<br><br>          v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>                                    Defendant. | NO. 2:19-cv-02235-PHX-SMB<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ARIZONA RANGERS' RESPONSE TO THIRD-PARTY DEFENDANT GRANT G. WINTHROP'S MOTION IN LIMINE NO. 3 (RE WINTHROP'S PERSONAL FINANCIAL WEALTH)** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>                    Defendant/Third-Party Plaintiff,<br><br>          v.<br><br>Grant G. Winthrop, an individual,<br><br>                    Third-Party Defendant. | |

Defendant/Third-Party Plaintiff Arizona Rangers ("AZR") responds to Motion in Limine No. 3 (to Preclude Evidence Re Winthrop's Personal Financial Circumstances) filed by Third-Party Defendant Grant G. Winthrop ("Winthrop").  As explained more thoroughly below, Winthrop's personal financial circumstances is relevant and has probative value that greatly outweighs any potential prejudice.

11000778.1

## I.    WINTHROP'S  FINANCIAL WEALTH IS ADMISSIBLE

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  *See* FRE 401.  Winthrop argues that there is no basis for introducing evidence regarding Winthrop's financial wealth and that such evidence will only prejudice him by alienating him from the jury.  Winthrop's argument fails.

This matter involves monies that were donated to the American Endowment Foundation ("AEF") and eventually donated to the East Valley Company and the "Troop." AZR will need to educate the jury on the complicated process of how grants are created and eventually donated to certain charities.  In this case, Winthrop was the one who donated substantial funds to AEF in exchange for an immediate charitable tax deduction.  Some of those funds were donated to the East Valley Company and the "Troop."  Winthrop's financial wealth is, therefore, relevant and has probative value that greatly outweighs any prejudice.

## II.    WINTHROP'S EMPLOYMENT HISTORY IS ADMISSIBLE

Winthrop states that he is unemployed only because of AZR's lawsuit against him and argues that the fact that he is financially able to remain unemployed will prejudice him by alienating him from the jury.  AZR, therefore, proposes that this Court preclude AZR from presenting evidence regarding Winthrop's employment status from the time AZR sued Winthrop to the present.  Otherwise, AZR should be allowed to present evidence regarding Winthrop's employment history.  Given the fact that he is an educated professional and attorney, his employment history is relevant in assessing his credibility and/or as a form of impeachment evidence.  Winthrop claims that the recovery clause that mandates that all funds donated to and property purchased by the "Troop" were to be returned to WEC applies not only to the June 5, 2017 grant totalling $40,000, but to all six (6) grants totaling $175,000.  AZR's position is that the recovery clause applies only to the June 5, 2017 grant.  Had Winthrop intended for the recovery clause to apply to all grants, Winthrop, as an educated professional and attorney, should have explicitly stated in the recovery clause that

2

1   such clause applies to all six (6) grants.  Winthrop, however, failed to do so.  Because he

2   drafted the grants and the recovery clause, any ambiguity in the recovery clause should be

3   construed against him.  Thus, Winthrop's employment history is relevant and has probative

4   value that greatly outweighs any prejudicial effect.

5   **III.    CONCLUSION**

6         Accordingly, AZR requests that this Court deny Winthrop's Motion in Limine No.

7   3 (to Preclude Evidence Re Winthrop's Personal Financial Circumstances) and issue an

8   Order allowing AZR to present evidence and elicit testimony regarding Winthrop's

9   financial circumstances prior to AZR suing Winthrop.

10        DATED this 26th day of September, 2022.

11

12                                              JONES, SKELTON & HOCHULI, P.L.C.

13

14                              By

15                                              Donald L. Myles, Jr.
                                                Clarissa B. Reiman
                                                Justin M. Ackerman
16                                              40 North Central Avenue, Suite 2700
                                                Phoenix, Arizona  85004
17                                              Attorneys for Defendant/Third-Party
                                                Plaintiff Arizona Rangers

18

19

20

21

22

23

24

25

26

27

28

                                              3

11000778.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document to the following non-CM/ECF participants:

Cory L. Braddock
Amanda Z. Weaver
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Ste. 1900
Phoenix, AZ 85004-2202
cbraddock@swlaw.com
aweaver@swlaw.com
Attorneys for Plaintiff Wine Education Council and Third-Party Defendant Grant G. Winthrop

Jared Simmons
SIMMONS & GOTTFRIED, PLLC
8160 E. Butherus Drive, Suite 7
Scottsdale, Arizona 85260
jared@sglawaz.com
Attorneys for Defendant/Third-Party Plaintiff Arizona Rangers

*/s/Rachel Barajas*

4

11000778.1