Cory L. Braddock (#024668)
Amanda Z. Weaver (#034644)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
        aweaver@swlaw.com

*Attorneys for Wine Education Council and Grant G. Winthrop*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wine Education Council, a Delaware non-profit corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>Arizona Rangers, an Arizona non-profit corporation,<br><br>             Defendant. | No. 2:19-cv-02235-PHX-SMB<br><br>**RESPONSE TO MOTION IN LIMINE NO. 3 RE: PRIOR ARREST, CHARGES AND DISPOSITION OF SUCH CHARGES** |
| Arizona Rangers, an Arizona non-profit corporation,<br><br>             Defendant/Third-Party Plaintiff,<br><br>     v.<br><br>Grant G. Winthrop, an individual,<br><br>             Third Party-Defendant/Counterclaimant. | |

4857-1983-9028

AZR sufficiently details several of the issues plaguing it regarding its Ranger members. However, AZR ignores the ***actual*** reason that WEC and Winthrop seek to introduce this evidence, which bears directly on credibility, particularly when testifying about oral conditions to a contract. (*See* Doc. 232 at 9 (finding that jury may conclude grants were subject to oral term incorporating Recovery Clause into subsequent grants).) WEC and Winthrop are entitled to introduce such evidence, *see, e.g.*, Fed. R. Evid. 406, 607, 608, and this Court should therefore deny AZR's Motion in Limine No. 3.

## I. THESE RANGERS' BACKGROUND BEAR ON CREDIBILITY OF THEIR TESTIMONY AND OF THE ORGANIZATION AS TO THE GRANTS.

These Rangers' background and actions within AZR are not only relevant, but crucial for the jury to know, both in assessing these Rangers' and AZR's credibility regarding the claims at issue in the case, as well as in evaluating AZR's practices and habit as an organization as related to recordkeeping—which is also clearly relevant in this case, given that oral conditions are a matter for the jury. (Doc. 262 at 9.) Importantly, WEC and Winthrop are not attempting to cast aspersions on AZR as a whole because of a few cherry-picked individuals, but are entitled to produce relevant and fair information on a large number of witnesses in this case, given these specific Rangers' direct connection to WEC's and Winthrop's instant claims.

First, the individual Rangers' credibility is entirely relevant for the jury to know in assessing testimony on oral conditions of contracts—AZR myopically ignores this in asserting that the "only reason WEC and Winthrop would even mention these charges and arrest would be to muddy the water and place the Arizona Rangers in a bad light." (Doc. 266 at 3.) This is just not true. These witnesses have pertinent and extremely relevant knowledge regarding the facts and claims at issue in this case. For example, Gary Jordan was on AZR's Board of Directors as the State Secretary from 2015 to 2017—that is, during the timeframe that AZR accepted the Grants. Dep. of G. Jordan at 12:16-17, Sept. 24, 2020, attached as **Ex. B**. (*See also* Doc. 195, ¶¶ 1-2 (specifying that AZR accepted six Grants offered between November 30, 2016 and October 3, 2017); Doc. 206, ¶¶ 1-2 (AZR not

controverting).)  The State Secretary, according to AZR's Bylaws, "[s]hall be responsible for, and keep, an accurate record of all meetings of the Board of Directors, Board of Governors, and the General Membership."  (Doc. 98-3 at 16 (AZRANGERS 000231).)  Jordan also sent an email to the Board of Directors regarding aspects of the Grant Program that "disturbed" him, and seeking reversal of Winthrop's AZR status.  **Ex. B** at 70:16-71:9; Exhibit 30 to G. Jordan Dep. (AZRANGERS 002385-88), attached as **Ex. C**.

And, in addition to these witnesses' connections with the events at issue, their credibility is also relevant as it relates to internal record-keeping, particularly as it bears on parole evidence and oral conditions of a contract.  (*See, e.g.*, Doc. 232 at 9 (finding that "WEC has presented specific evidence on the record by which a jury could find the remaining grants were made subject to an oral term").)  For example, Sean Wurm was the Internal Affairs Officer of the East Valley Company, *see* Dep. J. East at 17:23-24, attached as **Ex. D**, and "Ellis, Jordan, and Foglton were all . . . on the board of directors."  Dep. R. Cressman at 15:2-9, attached as **Ex. E**.  When Cressman was "investigating Foglton for possibly falsifying his application, it was brought to [his] attention that the information that [he] was looking into had been reported six months prior . . . also to Richard Ellis, who was the internal affairs officer for the state" at the time.  *Id*.  Ellis, specifically (as well as Foglton, Cummings, and Jordan) were members of AZR's Board of Directors who had concerns regarding the Grant Program.  (*See* Doc. 195-9 at 11 (132:9-15).)  These individuals' credibility as to record-keeping and ability to follow AZR's Bylaws are information a jury is entitled to when assessing their testimony and its weight in this case.

Yet AZR claims the only reason to introduce this evidence is to "muddy the waters" and cast a bad light on AZR.  However, Rule 404(a)(3) explicitly allows that "[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609."  Fed. R. Evid. 404(a)(3).  Rule 607 allows "[a]ny party" to "attack the witness's credibility."  Rule 608 allows for a "witness's credibility [to] be attacked . . . by testimony about the witness's reputation for having a character for . . . untruthfulness."  Fed. R. Evid. 608(a).  Rule 609 allows for attacking a witness's character for truthfulness by evidence of a criminal

conviction. Rules 607 and 608, especially, provide exceptions to Rule 404(b) and AZR's argument here. This Court should reject AZR's position.

<u>Second</u>, AZR's characterization of its internal actions against these individual Rangers as "charges and disposition of such charges brought by the Arizona Rangers," (Doc. 266 at 1-2), supports introduction of this evidence under Rule 406, Fed. R. Evid. The reality is that nearly the entire AZR Board of Directors has engaged in making false statements in their applications to be members of AZR. These false statements demonstrate that the AZR's routine practice is to rely on false statements to obtain the desired result, which falls within Rule 406 because it is AZR's routine practice to resort to false statements when a conflict arises. Indeed, Rule 406 explicitly permits this type of evidence: "Evidence of . . . an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "In the context of Rule 406, habit is a person's or organization's practice of handling a particular kind of situation with a specific type of conduct. Habit is one's regular response to a repeated specific situation." *Meyer v. United States*, 464 F. Supp. 317, 321 (D. Colo. 1979) (citing McCormick on Evidence § 195 (2d ed. 1972)), *abrogated on other grounds as recognized by Hamilton v. United States*, No. CV 06-141-M-DWM, 2008 WL 11417006, at *5 (D. Mont. Apr. 16, 2008).

Finally, AZR does not address how these "charges" or Wurm's arrest would be unfairly prejudicial, nor confuse and mislead the jury, or waste time with relevant testimony on witnesses' credibility when the primary issue at trial is the existence of oral conditions to existing contracts, for which AZR failed to maintain the records its more credible members testified previously existed. (*See, e.g.*, WEC's and Winthrop's Response to AZR's Mot. in Limine No. 2, filed contemporaneously herewith.) Now, it wants the jury to believe that certain of its members are something they are not – credible.

**II.   CONCLUSION**

For the foregoing reasons, WEC and Mr. Winthrop respectfully submit that this Court should deny AZR's Motion in Limine No. 3.

1 | DATED this 26th day of September, 2022.

SNELL & WILMER L.L.P.

By: *s/ Amanda Z. Weaver*
Cory L. Braddock
Amanda Z. Weaver
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorney for Wine Education Council and Grant G. Winthrop*

4857-1983-9028

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022 I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*s/ Emily Dalton*